UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| JOSEPH D. MATEER<br>322 East Fifty-Fifth Street<br>New York, New York 10022<br><br>on behalf of himself and all others similarly situated,<br><br>      Plaintiff,<br><br>      vs.<br><br>PELOTON INTERACTIVE, INC<br>125 W. 25TH STREET, 11TH FLOOR<br>NEW YORK, NY 10001<br><br>c/o STATUTORY AGENT<br>Corporation Service Company<br>251 Little Falls Drive<br>Wilmington, Delaware 19808<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO.<br><br>JUDGE<br><br>**PLAINTIFF'S COMPLAINT**<br><br>**(Jury Demand Endorsed Herein)** |

Now comes Plaintiff Joseph D. Mateer, by and through counsel, and for his Collective Action and Class Action Complaint against Defendant Peloton Interactive, Inc. ("Defendant" or "Peloton"), states and alleges the following:

**INTRODUCTION**

1. Congress designed the FLSA to remedy situations "detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202(a). To achieve this broad remedial purpose, the FLSA establishes minimum wage and overtime requirements for covered employees. 29 U.S.C. §§ 206, 207. These provisions, coupled with an effective integrated cause of action within the FLSA, prevent employers from pilfering the wages rightfully earned by their employees.

2. This is a "collective action" instituted by Plaintiff Joseph D. Mateer ("Plaintiff") to remedy violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as a "class action" pursuant to Fed. R. Civ. P. 23 to remedy violations of New York Labor Law Articles 6 and 19 on behalf of a New York class of employees represented by Plaintiff.

3. Plaintiff and other similarly situated employees were employed by Defendant as non-exempt, Inside Sales Representatives ("ISRs").[1] In violation of the FLSA, Defendant failed to pay Plaintiff and other similarly situated ISRs overtime compensation at the rate of one and one-half times their regular rate of pay for the hours they work over 40 in a workweek. By unlawfully failing to pay overtime, Defendant also violated New York Labor Law Articles 6 and 19 inasmuch as Defendant failed to pay Plaintiff and other members of the New York class at the prescribed rate of one and one-half times the employees' regular wage rates for all overtime hours worked.

4. Plaintiff brings this collective action and class action to recover the unpaid wages owed to him and all other similarly situated employees of Defendant, current and former, who worked at any of Defendant's locations at any time during the relevant period before this Complaint was filed up to the present.

## JURISDICTION AND VENUE

5. The Court has original jurisdiction pursuant 28 U.S.C. § 1332(d), as amended by the Class Action Fairness Act, in that: 1) the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs; 2) this action is a class action in which one or more members of a class of Plaintiffs is a citizen of a state different from the Defendant; and 3) the Defendant is not a state, state official, or other governmental entity, and the number of members

---

[1] Plaintiff uses the title "Inside Sales Representative" to collectively refer to the various titles Defendant used to describe the inside sales position, including "Inside Sales Representative," "Account Executive, Inside Sales," and "Team Lead, Inside Sales."

of all proposed plaintiff classes in the aggregate is greater than 100. The Court also has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant conducts business within this District and Division, and a substantial part of the events and omissions giving rise to these claims occurred in this District and Division.

## PARTIES

7. At all times relevant herein, Plaintiff Joseph D. Mateer was a citizen of the United States and resident of New York. Plaintiff worked for Defendant in an inside sales role from approximately October 2017 until approximately June 11, 2021, when he left the company.

8. At all times relevant herein, Plaintiff worked as an ISR or performed the job duties and functions of an ISR.

9. At all times relevant herein, Plaintiff and similarly situated ISRs were employees within the meaning of 29 U.S.C. § 203(e).

10. At all times relevant herein Defendant maintained its principal place of business within this District and Division.

11. At all times relevant herein, Defendant conducted business within this District and Division.

12. At all times relevant herein, Defendant was an employer within the meaning of 29 U.S.C. § 203(d).

13. At all times relevant herein, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

14.     At all times relevant herein, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

15.     At all times relevant herein, Plaintiff and other similarly situated ISRs were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

16.     Written consents to join this action as to Count I, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

### Plaintiff's Job Experience

17.     From approximately October 2017 to February of 2018, Plaintiff was a non-exempt seasonal employee paid on an hourly basis working in a full-time capacity in shifts scheduled by Defendant. During this time period, his title was "Inside Sales Representative." Plaintiff was paid commissions in addition to his hourly wage.

18.     On or about February 26, 2018, Defendant changed Plaintiff's job title to "Account Executive, Inside Sales." In this position, Plaintiff's hourly rate of pay was changed to an annual rate of pay that was paid in semi-monthly installments, plus commissions. After months of this compensation method, Defendant changed its compensation policies without explanation, reverting to compensating Plaintiff on an hourly basis, plus commissions.

19.     In September of 2020, Defendant issued a written notice to Plaintiff, and upon information and belief, to all ISRs nationwide, reiterating their non-exempt status, and confirming their entitlement to overtime in accordance with applicable law. The notice stated in part:

> Below are the following changes made to the Account Executive role:
>
> **Non-Exempt.** As a non-exempt employee, you will be paid on an hourly basis. You are required to track and record all hours you work, and you will receive overtime if you work more than 40 hours in a workweek, and more than 8 hours in a day in some states, or as required in accordance with local laws.

21. Plaintiff worked under the job title "Account Executive" until January 12, 2021, when he was given the title "Team Lead, Inside Sales." Despite the title change, his job duties remained largely unchanged, and he continued to work full-time in shifts scheduled by Defendant.

22. Notwithstanding the change to Plaintiff's title, Defendant never rescinded the notice of the company policy designating him as non-exempt.

23. On or about January 12, 2021, Plaintiff's hourly pay was once again changed to an annualized rate, which was paid on a semi-monthly basis, along with commissions.

24. During his employment, Plaintiff was subject to agreements and policies designating New York Law as the choice of law for any employment dispute with Defendant.

25. Upon information and belief, all similarly situated ISRs were subject to agreements and policies designating New York Law as the choice of law for any employment dispute with Defendant.

26. During his employment, Plaintiff performed significant "off-the-clock" work. Plaintiff regularly worked in excess of 40 hours in a workweek and was not paid overtime per the FLSA and New York Labor Law. This uncompensated "off-the-clock" overtime accrued during workweeks during each of Plaintiff's inside sales positions as an "Inside Sales Representative," an "Account Executive, Inside Sales," and as a "Team Lead, Inside Sales."

26. During his employment, Plaintiff worked in excess of 8 hours in a given workday and was not paid overtime per the FLSA and New York Labor Law. This uncompensated overtime

accrued during workweeks during each of Plaintiff's positions as an "Inside Sales Representative," an "Account Executive, Inside Sales," and as a "Team Lead, Inside Sales."

27. Upon information and belief, Defendant employed in excess of one hundred ISRs throughout the relevant statute of limitations periods. These individuals include, but are not limited to, other individuals employed as an "Inside Sales Representative," an "Account Executive, Inside Sales," and as a "Team Lead, Inside Sales." Included within this group are ISRs employed by Defendant throughout the COVID-19 pandemic.

28. Defendant closed approximately 100 showrooms across the United States in 2020 and employed additional ISRs to work remotely. Upon information and belief, these ISRs accessed computer systems, sales software, and time tracking software in Defendant's New York headquarters and were supervised, managed, and trained by personnel from Defendant's New York headquarters. Their employment circumstances, experiences, duties, and responsibilities were similar to the circumstances, experiences, duties, and responsibilities of Plaintiff.

29. Plaintiff and other similarly situated ISRs were properly categorized as non-exempt employees, and thus were entitled to overtime pay for all hours worked over 40 in a workweek.

30. Plaintiff and other similarly situated ISRs worked as non-exempt employees for at least one workweek during the relevant statute of limitations periods.

31. Plaintiff and other similarly situated ISRs worked over forty hours in a workweek as a non-exempt employee during the relevant statute of limitations periods and did not receive overtime compensation for the hours worked.

32. Plaintiff and other similarly situated ISRs were hired as W-2 employees, and Defendant reported their wages on an IRS Form W-2.

33. Plaintiff was assigned to work at Defendant's headquarters located in New York,

New York, where he had an assigned workstation and reported directly to a supervisor.

34. Similarly situated ISRs were assigned to work at Defendant's headquarters located in New York, New York, where Plaintiff and similarly situated ISRs had an assigned workstation and reported directly to a supervisor.

35. On or about March 13, 2020, the physical location of Plaintiff and similarly situated ISRs' work locations changed because of the COVID-19 pandemic. Plaintiff worked remotely from his home in New York City, where he continued to report to a supervisor, albeit remotely. Similarly situated ISRs also began to work remotely and still reported to a supervisor.

36. Defendant supervised and controlled Plaintiff's and similarly situated ISRs work schedule.

37. Defendant assigned Plaintiff and similarly situated ISRs the tasks that Plaintiff and the other ISRs performed and determined the hours that Plaintiff and the other ISRs worked.

38. Defendant required that Plaintiff and similarly situated ISRs follow Defendant's rules, policies, and directives, including Defendant's timekeeping policies.

39. Per Defendant's practice and policy, Plaintiff and similarly situated ISRs were required to and did work more than 40 hours per workweek on a regular and recurring basis.

40. Plaintiff and similarly situated ISRs performed pre-shift, post-shift, and off the clock work without pay on a regular and recurring basis.

41. Plaintiff and similarly situated ISRs worked through meal periods and/or short rest breaks without compensation.

42. Plaintiff and other similarly situated ISRS were not provided bona fide meal periods during which they were completely relieved of their duties.

43. Defendant's practice and policy was to instruct Plaintiff and similarly situated ISRs

to only enter 40 hours in Defendant's timekeeping system absent prior authorization to exceed this amount.

44. Plaintiff's work and the work of similarly situated ISRs did not end when the workday ended. To the contrary, Defendant's practice, policy, and systems allowed for the performance of and consummation of sales pre-shift, during meal and rest breaks, and post-shift, as well as on weekends and holidays.

45. Plaintiff worked exclusively at Defendant's New York City headquarters until March of 2020. Similarly situated ISRs also worked at Defendant's New York City headquarters as well as other locations in the U.S. until March 2020, when Defendant's workforce began to work remotely.

## Defendant's Willfulness

46. Defendant required the ISRs to use a timekeeping system to clock in and clock out of their scheduled shifts. But even before an ISR clocks in or after an ISR clocks out, Defendant's systems direct customer sales calls, emails, and web-based orders to the ISRs. This is true even on days when an ISR does not have a pre-scheduled shift. The customer contacts keep coming regardless of the ISRs' schedule.

47. And, while Defendant allegedly requires pre-authorization for overtime, the reality of the sales volume, as well as the sales system, made pre-authorization impracticable and/or impossible.

48. Defendant utilizes sophisticated surveillance technology to track the performance of Plaintiff and similarly situated ISRs. When Plaintiff and similarly situated ISRs engaged in pre-shift, post-shift, meal and rest break, or off-the-clock work, Defendant was tracking those activities

and was aware of said pre-shift, post-shift, meal and rest break, or off-the-clock work, including when the work occurred, and who performed it.

49. Data relating to off-the-clock sales posted in real time, and attributed to the ISR who conducted the sale, was available to Defendant and Defendant's supervisory personnel.

50. No electronic system prevents an ISR from selling while clocked out of Defendant's timekeeping system.

51. Defendant accepts the benefit of the sale without paying the ISR for the off-shift overtime.

52. Defendant set performance standards for Plaintiff and similarly situated ISRs in the form of monthly sales quotas. Failing to meet the sales quota could result in termination and, in fact, inside sales personnel were terminated for failing to meet the sales quotas.

53. Defendant routinely set the sales quotas so high that the sales personnel could not meet the performance standards by selling solely within their assigned work shift. Meanwhile, Defendant continued to send customer purchase requests to Plaintiff and other similarly situated ISRs during off-shift time periods, even though they would not be compensated for the overtime.

54. When customer contacts or sales requests were routed to inside sales personnel during off-shift time periods, Defendant was deliberately suffering and permitting the affected employees to work while denying them a mechanism to report the overtime work.

55. The above allegations were true for Plaintiff during the time periods when he was paid on an hourly basis as well as when he was paid on an annualized basis and did not differ as his job title changed over the years.

56. Defendant knew and/or showed a willful disregard for the provisions of the FLSA and New York Law as evidenced by its failure to compensate Plaintiff and similarly situated ISRs

at the statutory rate of time and one-half for all hours worked in excess of forty hours per week when Defendant knew or should have known such was due.

57. The records, if any, reflecting the number of hours actually worked and the compensation actually paid to Plaintiff and similarly situated ISRs are in the possession and custody of Defendant.

58. Defendant failed to properly disclose or apprise Plaintiff and similarly situated ISRs of their rights under the FLSA and New York Law.

59. Defendant's actions constitute a willful violation of the FLSA and New York Law.

### **COLLECTIVE ACTION ALLEGATIONS**

60. Plaintiff brings Count I of this action on his own behalf pursuant to 29 U.S.C. §216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct ("the FLSA Class" or "the FLSA Class Members").

61. Plaintiff will request that the Court grant conditional certification under 29 U.S.C. § 216(b), and order notice to potential opt-in plaintiffs who are or were employed by Defendant as an ISR within three years preceding the commencement of this lawsuit.

62. As part of its regular business practices, Defendant intentionally, willfully and repeatedly harmed Plaintiff and the FLSA Class Members by engaging in a pattern, practice, or policy of violating the FLSA on a class wide basis.

63. Although Defendant permitted and/or required the FLSA Class Members to work in excess of forty hours per workweek, Defendant has denied them full compensation for their hours worked over forty.

64. The FLSA Class Members perform or have performed the same or similar work as Plaintiff. In particular, Plaintiff and the FLSA Class Members all worked as ISRs and were not compensated at time and one-half their regular rate for all hours worked over forty each workweek.

65. The FLSA Class Members are not exempt from receiving overtime pay under the FLSA. As such, the FLSA Class Members are similar to Plaintiff in that they share substantially similar job duties, compensation plans, and the denial of overtime wages.

66. Defendant's failure to pay overtime compensation at the rate required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of the FLSA Class Members.

67. The experiences of Plaintiff, with respect to his pay, is typical of the experiences of the FLSA Class Members.

68. The experiences of Plaintiff, with respect to his job duties, are typical of the experiences of the FLSA Class Members.

69. The specific job titles or precise job responsibilities of each FLSA Class Member does not prevent collective treatment.

70. All FLSA Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty during each workweek.

71. Although the exact amount of damages may vary among the FLSA Class Members, the damages for the FLSA Class Members can be easily calculated by a formula. The claims of all the FLSA Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to all the FLSA Class Members.

72. The Plaintiff and the FLSA Class Members held the same primary duties and were compensated in violation of the FLSA.

73. The FLSA Class that Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is himself a member, is composed of and defined as follows:

> All former and current employees who worked for Peloton Interactive, Inc. as ISRs, or those who performed substantially similar duties to ISRs, who worked more than forty hours in one or more workweeks of their employment, and who were not paid overtime for all hours worked at the statutorily required rate of one- and one-half times their regular rate of pay, at any time between January 27, 2019, and the present.

74. Plaintiff is unable to state at this time the exact size of the potential FLSA Class, but upon information and belief, avers that it consists of over one hundred persons.

75. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former ISRs are similarly situated with regard to their wages and claims for unpaid wages and damages. Plaintiff is representative of those other ISRs and is acting on behalf of their interests as well as his own in bringing this action.

76. These similarly situated ISRs are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

> Plaintiff and the FLSA Class Members are similarly situated in that:
>
> a. Plaintiff and the putative opt-in plaintiffs were employed by Defendant;
>
> b. Defendant required Plaintiff and the putative opt-in plaintiffs to follow its company policies, practices, procedures, and directives;

    c. Plaintiff and the putative opt-in plaintiffs were all classified as non-exempt and/or at times misclassified as exempt;

    d. Plaintiff and the putative opt-in plaintiffs all worked in excess of 40 hours per week in one or more workweeks;

    e. Defendant required, suffered or permitted Plaintiff and the putative opt-in plaintiffs to work off the clock without pay;

    f. Regardless of their job title or location, Defendant did not pay Plaintiff and the putative opt-in plaintiffs for all hours worked;

    g. Regardless of their job title or location, Defendant did not pay Plaintiff and the putative opt-in plaintiffs an overtime premium of one-and-one-half times their regular rate for all hours worked in excess of 40 hours in a workweek;

    h. Defendant maintained common timekeeping systems and policies and procedures with respect to Plaintiff and the putative opt-in plaintiffs regardless of their job title or location;

    i. Defendant failed to record all of the hours actually worked by Plaintiff and the putative opt-in plaintiffs;

    j. Defendant maintained timekeeping data, time of sales data, computer records and other data showing that Plaintiff and the putative opt-in plaintiffs worked more than 40 hour per week without pay; and

    k. Defendant maintained timekeeping data, time of sales data, computer records and other data showing that Plaintiff and the putative opt-in plaintiffs worked pre-shift, post-shift, and during meal periods and short rest breaks without pay.

77. Defendant's unlawful conduct has been widespread, repeated, consistent, willful, and in bad faith.

### NEW YORK CLASS ALLEGATIONS

78. Plaintiff brings Count II of this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of Plaintiff and all other members of the class ("the New York Class") defined as:

    All former and current employees who worked for Peloton Interactive, Inc. as ISRs, or those who performed substantially similar duties to ISRs, either in the State of

New York, or who were subject to an agreement or policy specifying New York Law as controlling any employment dispute with Peloton Interactive Inc., who worked more than forty hours in one or more workweeks of their employment, and who were not paid overtime for all hours worked at the statutorily required rate of one- and one-half times their regular rate of pay, at any time between January 27, 2016, and the present.

79. The New York Class is so numerous that joinder of all class members is impracticable. Plaintiff is unable to state at this time the exact size of the potential class, but upon information and belief, avers that it consists of over one hundred persons.

80. There are questions of law or fact common to the New York Class, including but not limited to the following:

(a) whether Defendant unlawfully failed to pay overtime compensation to Plaintiff and other members of the New York Class;

(b) whether Defendant, as a result of unlawfully failing to pay overtime compensation, violated New York Labor Law Articles 6 and 19 by failing to pay Plaintiff and other members of the New York Class at the prescribed rate of one and one-half times the employees' regular rates for all overtime hours worked; and

(c) what amount of monetary relief will compensate Plaintiff and other members of the New York Class for Defendant's violation of New York Labor Law Articles 6 and 19.

81. The claims of Plaintiff are typical of the claims of other members of the New York Class. Plaintiff's claims arise out of the same uniform course of conduct by Defendant, and are based on the same legal theories, as the claims of other New York Class members.

82. Plaintiff will fairly and adequately protect the interests of the New York Class. The Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other New York Class members. Plaintiff's counsel have broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the New York Class in this case.

83. The questions of law or fact that are common to the New York Class predominate

over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the New York Class, listed above, are common to the New York Class as a whole, and predominate over any questions affecting only individual class members.

84. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring New York Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (Fair Labor Standards Act Violations)

85. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

86. Defendant did not pay overtime compensation to its ISRs for all hours worked over forty in a workweek.

87. As a result of its unlawful failure to pay overtime compensation, Defendant failed to pay Plaintiff and other similarly situated current and former ISRs at the prescribed rate of one and one-half times the employees' regular wage rates for all overtime hours worked, in violation of 29 U.S.C.§ 207 and other provisions of the FLSA and regulations thereunder.

88. As a result of Defendant's practices and policies, Plaintiff and other similarly situated ISRs have been damaged in that they have not received wages due to them pursuant to the FLSA.

89. Plaintiff and other similarly situated ISRs are entitled to back overtime

compensation using the default method of calculating overtime at one and one-half times their regular rate of pay for the hours they worked over 40 in a workweek.

90. By engaging in the above-described practices and policies, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA.

## COUNT TWO
### (Violations of New York Labor Law Articles 6 and 19)

91. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

92. New York Labor Law Article 19 provides that "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate in the manner and methods provided in and subject to the exemptions of sections 7 and 13 of 29 USC 201 et seq., the 'Fair Labor Standards Act of 1938,' as amended." *See* Article 19 § 142-2.2

93. Defendant failed to pay overtime compensation to Plaintiff and other members of the New York Class "in the manner and methods provided in and subject to the exemptions of sections 7 and 13 of 29 USC 201 et seq., the 'Fair Labor Standards Act of 1938,' as amended." On the contrary, Defendant's failure to pay overtime compensation to Plaintiff and other New York Class members violated section 7 of the FLSA, 29 U.S.C. § 207, and therefore violated New York Labor Law Article 19.

94. As a result of Defendant's violation of New York Labor Law Article 19, Plaintiff and other members of the New York Class have been damaged in that they have not received wages due to them pursuant to New York Labor Law Article 19.

95. Plaintiff and other members of the New York Class are entitled to back overtime compensation using the default method of calculating overtime at one and one-half times their regular rate of pay for the hours they worked over 40 in a workweek, pursuant to New York Labor

16

Law Articles 6 and 19.

96. Defendant cannot prove a good faith basis to believe that its underpayment of wages was in compliance with New York Law. N.Y. Lab. Law § 198.

97. Plaintiff and other members of the New York Class are entitled to their unpaid wages "and an additional equal amount as liquidated damages," New York Labor Law Articles 6 and 19.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, and all those similarly situated, collectively pray that this Honorable Court:

A. Issue an order permitting this litigation to proceed as a collective action, and certifying the New York Class pursuant to Fed. R. Civ. P. 23(a) and (b)(3);

B. Order prompt notice, pursuant to 29 U.S.C. § 216(b), to all class members that this litigation is pending and that they have the right to "opt in" to this litigation;

C. Award Plaintiff and the class he represents actual damages for unpaid overtime compensation;

D. Award Plaintiff and the class he represents liquidated damages in an amount equal to the unpaid overtime compensation found due to Plaintiff and the class;

E. Award Plaintiff and the class he represents pre- and post-judgment interest at the statutory rate;

F. Award Plaintiff and the class he represents attorneys' fees, costs, and disbursements; and

G. Award Plaintiff and the class he represents further and additional relief as this Court deems just and proper.

Date: January 27, 2022　　　　　　　　Respectfully submitted,

By: /s/ *Jason R. Bristol (Pro Hac Vice admission pending)*
Jason R. Bristol (OH #0072989)
jbristol@crklaw.com
COHEN ROSENTHAL & KRAMER LLP
3208 Clinton Avenue
Cleveland, Ohio 44113
(216) 815-9500 (Tel. and Fax)

J.R. Howell (CA #268086)
*(Pro Hac Vice application forthcoming)*
jrhowell@jrhlegalstrategies.com
LAW OFFICE OF J.R. HOWELL
1223 Wilshire Boulevard
P.O. Box 543
Santa Monica, CA 90403
Phone: (202) 650-8867

Attorneys for Plaintiff and the Proposed Classes

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all eligible claims and issues.

/s/ *Jason R. Bristol*
One of the Attorneys for Plaintiff and the Proposed Classes