# Cohen Rosenthal & Kramer LLP

3208 Clinton Avenue
Cleveland, Ohio 44113
Telephone: (216) 815-9500

May 11, 2022

<u>VIA ECF</u>
The Honorable Lorna G. Schofield
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

    <u>Re:</u> *Mateer et al. v. Peloton Interactive, Inc.,* Case No. 1:22-cv-00740-LGS

Dear Judge Schofield:

  Defendant's Letter Motion presents no basis for dismissal of any of Plaintiffs' claims as alleged in the First Amended Complaint ("FAC"). Plaintiffs respectfully submit that the filing of a Motion to Dismiss would be futile and would cause a waste of precious time and resources.

**A. Plaintiff Johnson's Pennsylvania Wage Payment and Collection Law Claim States a Claim Upon Which Relief Can be Granted.**

  To present a claim for unpaid wages under the Wage Payment and Collection Law ("WPCL"), P.S. 43 C.S. § 260.1, *et seq.*, "the employee must aver a contractual entitlement to compensation from wages and a failure to pay that compensation." *Braun v. Wal-Mart Stores, Inc.*, 24 A.3d 875, 954 (Pa. Super. 2011), *aff'd* 106 A.3d 656 (Pa. 2014) (internal citations omitted). Plaintiff alleges "[d]efendant Peloton had a contractual obligation with Plaintiff Johnson with respect to the payment of overtime wages." FAC at ¶ 246. Plaintiff also alleges that "[c]ompensation for the hours worked remains unpaid, and she now seeks payment." FAC at ¶ 29; *see also* FAC ¶¶ 33, 247, 253. Plaintiff Johnson has stated a claim under *Braun*.

  Defendant asserts that its extrinsic Exhibit A is the only operative contract governing the parties' relationship, and that nothing in the document gives Plaintiff Johnson a right to relief. Defendant's position is inaccurate and misleading. First, the Court should decline to consider documents extrinsic to the complaint. Second, even if it chooses to consider it, Exhibit A was superseded by subsequent agreement. Third, Exhibit A refers to additional compensation-related terms and conditions that Defendant failed to present to the Court. Exhibit A states "[t]his salary will be subject to adjustment pursuant to the Company's employee ***compensation policies*** in effect from time to time. In addition, you will be eligible to receive commission as outlined by the current ***commission plan*** for Peloton Sales Associates." Def. Ex. A at ¶ 2. (emphasis added). The Court should not consider a document extrinsic to the complaint unless it is presented with all these incorporated, extrinsic documents and evidence.

**B. Dismissal Under Rule 12 is Unavailable; Venue Is Proper.**

  As stated above, Defendant's Exhibit A was superseded by subsequent agreement. Whatever force the forum selection clause may or may not have, and whether this venue is proper or improper, would be the subject of discovery. *See Tristate HVAC v. Big Belly Solar*, 752

The Honorable Lorna G. Schofield  
May 11, 2022  
Page 2 of 3

COHEN ROSENTHAL & KRAMER LLP

F.Supp.2d 517, 534 (E.D. Pa. 2010). For example, Exhibit A contains a survival clause that omits the forum-selection provision. Whether the parties intend the selection clause to survive the life of the now-expired agreement is a material factual dispute.[1] An order dismissing the claims absent consideration of such evidence would be erroneous. More significantly, Defendant fails to cite controlling Supreme Court precedent rejecting dismissal as the remedy for improper venue.[2] In 2013, the Supreme Court held in *Atl. Marine Constr. Co. v. U.S. Dist. Court for the W. Dist. of Tex.*, 571 U.S. 49 (2013) that even a valid forum selection clause cannot be enforced with a Rule 12(b)(3) motion. The Court "reject[ed] petitioner's argument that such a clause may be enforced by a motion to dismiss under 28 U.S.C. §1406(a) or Rule 12(b)(3) of the Federal Rules of Civil Procedure." *Id.* at 52. Finally, this venue is proper pursuant to 28 U.S.C. § 1391(b), a conclusion Defendant conceded as recently as of April 6 [Dkt. 27]. Dismissal for all these reasons would be erroneous.

**C.     Plaintiffs' New York Wage Theft Prevention Act Claim (Count 4) Should Not Be Dismissed Because Plaintiffs Adequately Plead Monetary and Informational Harm.**

Plaintiffs allege three forms of injury: monetary loss, informational injury, and breach of implied contractual obligations. In *Transunion*, the Supreme Court recognized that "[p]hysical or monetary harms readily qualify as concrete injuries under Article III. . ." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, Syllabus at 2197 (2021). Plaintiff Mateer unequivocally alleges that Defendant's violations of the WTPA "resulted in the underpayment of wages." *See* FAC at ¶¶81, 271. This satisfies Article III standing in the form of monetary harm. Dismissal would be erroneous for this reason alone.

The Second Circuit in *Harty v. W. Point Realty, Inc.*, set forth the pleading standard for informational injury: "downstream consequences from failing to receive the required information." 28 F.4th 435 (2d Cir. 2022). More specifically, the plaintiff must show that he has an "interest in the information …beyond bringing [his] lawsuit." *Id*. Plaintiff alleges that he failed to receive required accurate information, and that a concrete downstream injury flowed from Defendant's

---

[1] The survival clause's omission of the forum-selection clause helps clarify that the parties meant for it to apply only during the life of the contract. *See In re Spirtos*, No. CC-10-1118-PaDKi, 2011 WL 3298952, at *7 (9th Cir. Feb. 2, 2011); *Coffeeconnexion Co. v. Benjamin Foods, LLC*, 2020 U.S. Dist. LEXIS 94895, at *6 (M.D. Tenn. May 29, 2020) (clause is void because the agreement was terminated); *Kamrass v. Jefferies, LLC*, 2017 U.S. Dist. LEXIS 157631, at *3 (N.D. Ohio Sep. 25, 2017) (clause is inapplicable because contract has been terminated or expired); *TSI USA, LLC v. Uber Techs., Inc.*, No. 3:16-cv-2177-L, 12 at *19 (N.D. Tex. Jan. 11, 2017) ("the Forum-Selection Clause was only in effect during the life of the agreement and is not applicable to this dispute"); *Junction Solutions, LLC v. MBS DEV, Inc*., No. 06 C 1632, 2007 WL 114306, at *4-*5 (N.D. Ill. Jan. 9, 2007) (finding that the forum-selection clause did not survive termination in light of a survival clause because a finding otherwise "would render superfluous the Settlement Agreement's specific provision for the survival of the Employment Agreement's confidentiality obligations."); *Lockwood Corp. v. Black*, 501 F. Supp. 261, 265 (N.D. Tex. 1980) (finding that the forum-selection clause terminated on the date the written contract was cancelled).

[2] Defendant instead cites *E. Cap. Invs. Corp. v. GenTech Holdings, Inc*., No. 21 CIV. 10300 (LLS), 2022 WL 701659 (S.D.N.Y. Mar. 9, 2022), which involved a clause pointing to a non-federal forum. The law and analysis at issue in *E. Cap. Invs. Corp.* has no applicability here.

The Honorable Lorna G. Schofield  
May 11, 2022  
Page 3 of 3

COHEN ROSENTHAL & KRAMER LLP

conduct. FAC at ¶¶81, 271. Plaintiff also alleged a specific interest in using the information beyond litigation. FAC ¶¶260 – 271. "The breach of the obligations injured Plaintiff by denying him the right to know the conditions of his compensation and resulted in the underpayment of wages averred above." FAC ¶271.

The final form of alleged injury is that which resembles a traditional cause of action, namely breach of contract. *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021). Plaintiff alleges that "the [WTPA] statutory obligations are implied contractual obligations embedded into Defendant's employment contracts with each employee, implied by fact and law." FAC at ¶ 271. And he alleges that Defendant breached that contract, and damaged Plaintiff and the class.[3] Defendant ignores Plaintiff's allegations: that the statutory obligations at issue are implied contractual obligations embedded into Defendant's employment contracts with each employee, implied by fact and law; that Defendant breached these obligations, injuring Plaintiff Mateer and the absent class members by denying them their right to accurate information, even as it changed their pay structures and compensation arrangements in complicated and confusing ways (¶271); and that the breach of the obligations injured Plaintiff by denying him the right to know the conditions of his compensation and resulted in the underpayment of wages averred above. FAC at ¶¶81, 271.  Contrary to Defendant's assertion, Plaintiffs' amended complaint alleges concrete monetary harm (that has already occurred), statutory breaches, breaches of a right to mandatory disclosure of accurate information, and breach of contract in conformity with the dictates of *Transunion. See* FAC ¶¶260 – 271.

Regardless, the Court can and should exercise supplemental jurisdiction under 28 U.S.C. § 1367 because whatever the outcome of the standing question, the Court will retain original jurisdiction and the WTPA claim would remain actionable: "[S]tate courts are not bound to adhere to federal standing requirements ...." *ASARCO Inc. v. Kadish*, 490 U.S. 605, 617 (1989).

Defendant's request to stay briefing on conditional certification should be denied. Defendant's letter motion makes no arguments relating to Plaintiffs' FLSA claims. And, per Rule III.C.2 of this Court's Individual Rules and Procedures for Civil Cases, the pendency of a motion to dismiss does not ordinarily stay discovery "[a]bsent extraordinary circumstances," which Defendant has not articulated. The Court should conclude that a Motion to Dismiss is not warranted, and the case should proceed without delay. Plaintiffs intend to file their letter motion on conditional certification on May 13, 2022, which can be heard at the same teleconference as the instant matter.  Plaintiffs also intend to amend their complaint to add additional named plaintiffs.

                                            Respectfully submitted,  
                                            */s/ Jason R. Bristol*  
                                            Jason R. Bristol

---

[3] Defendant's reliance on the isolated decision of *Sevilla v. House of Salads One LLC*, No. 20-CV-6072-PKC-CLP, 2022 WL 954740 (E.D.N.Y. Mar. 30, 2022), and no other, to argue that "courts routinely dismiss WTPA claims for lack of standing under similar circumstances," is disingenuous.  The employees in *Sevilla* never alleged any kind of injury at all—a far cry from the type of detailed monetary, informational, and other injuries alleged in the FAC. *TransUnion* demands a deeper standing analysis, which when applied, dooms Defendant's proffered motion.