# Cohen Rosenthal & Kramer LLP
3208 Clinton Avenue
Cleveland, Ohio 44113
Telephone: (216) 815-9500

May 13, 2022

**_VIA ECF_**
The Honorable Lorna G. Schofield
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

**Re:** *Mateer et al. v. Peloton Interactive, Inc.,* Case 1:22-cv-00740-LGS

Dear Judge Schofield:

Per Rule III.A.1 of this Court's Individual Rules and Procedures for Civil Cases, Plaintiffs request a pre-motion conference for consideration of Plaintiffs' Motion for Conditional Certification, Opt-In Discovery, and Court Supervised Notice per the Fair Labor Standards Act ("FLSA"). 29 U.S.C. § 216(b). Before filing the instant letter-motion, Plaintiffs' counsel conferred with Defendant's counsel on May 5th, 2022, to seek either: (1) a stipulation to conditional certification without prejudice to any of Defendant's rights; or (2) a stipulation to certain fact-based stipulations to reduce costs and streamline the conditional certification process without prejudice to Defendant's rights or defenses. Defendant declined to stipulate to conditional certification or to any of the proffered facts. A copy of the letter containing the proposed stipulations is attached hereto as **Exhibit A**. This letter-motion followed.

Time is of the essence for the potential opt-in plaintiffs. Unlike class claims brought under Fed. R. Civ. P. 23, the commencement of a FLSA collective action does not toll the running of the statute of limitations for putative class members. Rather, pursuant to the FLSA and the Portal-To-Portal Act, an opt-in plaintiff's claim against the employer is not commenced until the date his or her written consent to join the collective action is filed with the district court. 29 U.S.C. §§ 216(b) and 256. *See Cahill v. City of New Brunswick*, 99 F. Supp. 2d 464, 479 (D.N.J. 2000). The district court's early involvement "ensures that all potential plaintiffs receive timely notice of a pending suit." *Garner v. G.D. Searle*, 802 F. Supp. 418, 422 (M.D. Ala. 1991). *Accord*, *Hoffman-La Roche*, 493 U.S. at 170.

**I.    Conditional Certification is Warranted Because the Named Plaintiffs are Similar to the Putative Opt-in Plaintiffs with Respect to Some Issue of Law or Fact Material to the Disposition of their FLSA Claims.**

Plaintiffs Mateer, Branchcomb, and Johnson will assert their rights to represent a nationwide collective of Defendant's non-exempt sales personnel, allocated into two subgroups: (1) Inside Sales Representatives ("ISRs"); and (2) Showroom Personnel who worked at

Defendant's showrooms in 31 states around the country.[1] In light of the lenient standard at issue,[2] "named plaintiffs and opt-in plaintiffs are alike with regard to some material aspect of their litigation." *Scott v. Chipotle*, 954 F.3d 502, 516 (2d Cir. 2020). Specifically, they are similar "with respect to an issue of law or fact material to the disposition of their FLSA claim." *Id*. at 516, n.4.

   1. *Similarities with respect to some material aspects of law:*

Defendant's overtime policy was unlawful: Defendant had an obligation to pay overtime for which it had actual or constructive knowledge, whether it was pre-approved or not. Defendant's failure to pay overtime absent pre-approval was willful and in bad faith. Defendant's pre-litigation conduct waived its right to assert FLSA exemptions, if any, as to employees who were subject to a policy and practice of receiving payment for only pre-approved overtime compensation.[3] The putative opt-ins all share these material legal issues.

   2. *Similarities with respect to some material aspect of fact:*

The entire collective was subject to the same written overtime policy: Defendant maintained a written company-wide policy applicable to the entire collective that all overtime must be pre-approved.[4] The entire ISR collective used a similar, if not identical, timekeeping system. The entire Showroom collective used a similar, if not identical, timekeeping system. The entire ISR and Showroom collectives consist of employees with similar job duties, job missions, report to the same level of supervisor, and worked the same length of shift. Defendant had at least constructive, if not actual knowledge, of the employees' off-shift time: Defendant tracked in real time the sales of employees even when they worked off-shift. Defendant failed to keep accurate time records. Defendant offered no system for members of the collectives to report any off-shift overtime—whether pre-approved or not. Defendant maintained a company-wide practice of installing work-related systems on personal devices, which facilitated uncompensated work on personal time. Defendant's centralized systems routed off-shift work-related calls, texts, emails, and sales contacts to members of the entire salesforce collective. Defendant maintained a written company-wide policy and practice of instituting individual sales quotas to the entire salesforce collective. The entire collective worked uncompensated overtime. And, Defendant had previously treated each member of the collective as non-exempt. The putative opt-ins all share these material factual issues. To establish the above, Plaintiffs will rely on documentary evidence; declarations

---

[1] *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 173 (1989) (noting that Congress gave employees the "right" to proceed collectively under § 216(b); *Scott v. Chipotle Mexican Grill, Inc.*, 954 F.3d 502, 515 (2d Cir. 2020) ("216(b) establishes a '*right* ... to bring an action by or on behalf of any employee, and [a] *right* of any employee to become a party plaintiff to any such action,' so long as certain preconditions are met.") (emphases added).

[2] *See Glatt v. Fox Searchlight Pictures, Inc.*, 811 F.3d 528, 540 (2d Cir. 2016) ("…modest factual showing…"); *Varghese v. JP Morgan Chase & Co.*, Nos. 14 Civ. 1718, 15 Civ. 3023, 2016 WL 4718413, at *5 (S.D.N.Y. Sept. 9, 2016) ("Plaintiff's burden is minimal because the determination that the parties are similarly situated is merely a preliminary one . . ." (quoting *Lee v. ABC Carpet & Home*, 236 F.R.D. 193, 197 (S.D.N.Y. 2006))).

[3] These lists of similar issues of law or fact are non-exhaustive and merely illustrative for the purposes of this pre-motion letter.

[4] *See Diaz v. S & H Bondi's Dept. Store*, No. 10 Civ. 7676, 2012 WL 137460, at *6 (S.D.N.Y. Jan. 18, 2012) (noting that courts may authorize notice to employees at locations where named plaintiffs never worked if named plaintiffs alleged that the same pay policies applied to all of defendant's locations).

The Honorable Lorna G. Schofield
May 13, 2022
Page 3 of 3

Cohen Rosenthal & Kramer LLP

of the Named Plaintiffs; declarations from similarly situated members of the collective from around the country; and the allegations in the Complaint that are corroborated by the foregoing.

### II.     Proposed Notice, Notice Period, and Manner of Distribution.

Plaintiffs propose a three-year notice period for the FLSA opt-ins, and a six-year notice period for New York opt-ins. *See Santana v. Fishlegs, LLC*, No. 13 Civ. 01628 (LGS), 8 (S.D.N.Y. Nov. 7, 2013) ("In cases in which both FLSA claims and NYLL claims are asserted, a six-year notice period promotes judicial economy because it will include similarly situated employees with live NYLL claims."). Here, Plaintiffs alleged a NYLL class under Count 4 that encompasses their proposed nationwide FLSA collective. A Proposed Notice is attached as **Exhibit B**. Plaintiffs will propose that notices and reminder notices be sent via mail, email, text message, and disseminated via slack channels to the ISRs. Plaintiffs will further propose that notice be posted in an appropriate place at each of Defendant's showroom locations and posted conspicuously on Defendant's internal web portals. Plaintiffs propose an opt-in period of 60 days.

### III.    Expedited Opt-In Discovery

To facilitate prompt notice to the potential opt-in plaintiffs, Plaintiffs have served a set of opt-in discovery requests. **Exhibit C**. Therein, Plaintiffs seek the identity, contact information, and pertinent employment dates of all former and current ISRs and Showroom Personnel, employed by Defendant nationwide at any time between January 27, 2019, and the present. The requested information is necessary to determine the contact information for the potential opt-in plaintiffs who will be eligible to be notified of this lawsuit in the event the Court grants conditional certification. In *Hoffman-La Roche*, the Supreme Court flatly affirmed the district court's approval of both expedited interrogatories seeking the names of potential opt-in plaintiffs and court-facilitated notice to the potential opt-ins. *Hoffman-La Roche*, 493 U.S. at 174. As discussed above, time is of the essence because the commencement of an FLSA collective action does not toll the running of the statute of limitations for the potential opt-in plaintiffs. Accordingly, prompt notification is necessary for the potential opt-ins to receive the full benefit of the FLSA's collective action mechanism and to vindicate their FLSA rights in an economical and efficient manner. *See Hoffman-LaRoche*, 493 U.S. at 170 (the benefits of a collective action "depend on employees receiving accurate and timely notice").

### III.    Conclusion and Proposed Schedule

Plaintiffs can easily meet the minimal burden of showing that they are similarly situated to the potential opt-in plaintiffs. Therefore, conditional certification of the FLSA classes, expedited opt-in discovery, and court-supervised notice are warranted, as discussed above. Plaintiffs propose a teleconference on May 27, 2022. With their motion due on June 3, any opposition from Defendant due on June 17, 2022, and any reply due by June 24.

Respectfully submitted,
*/s/ Jason R. Bristol*