# Cohen Rosenthal & Kramer LLP
3208 Clinton Avenue
Cleveland, Ohio 44113
Telephone: (216) 815-9500

June 24, 2022

<u>**VIA ECF**</u>
The Honorable Lorna G. Schofield
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

   **Re:** *Mateer et al. v. Peloton Interactive, Inc.,* Case 1:22-cv-00740-LGS, Pre-Motion Letter Seeking Approval of Plaintiffs' Proposed Class Notice and Notice Plan

Dear Judge Schofield:

 Together with my co-counsel, J.R. Howell, we represent the Plaintiffs in this action, who file this pre-motion letter seeking a conference on approval of the proposed Notice Plan and attached Notice to the Stipulated Collective and Consent to Join attached hereto as **Exhibit A**. To the extent a pre-motion conference is unnecessary, a Proposed Order is filed herewith.

 ***Background***. On May 13, Plaintiffs filed a pre-motion letter seeking leave to file a motion for conditional certification. [Dkt 38]. Thereafter the Court held a conference on May 25, subsequent to which Defendant Peloton Interactive, Inc. ("Defendant") stated on May 31 that it stipulates to conditional certification. [Dkt. 42]. Pursuant to Defendant's stipulation, the parties met and conferred telephonically on June 8 to discuss Plaintiffs' proposed notice which was provided to both Defendant and the Court on May 13. [Dkt. 38, Exhibit B].

 Consistent with the Court's duty to supervise the conduct and communications of counsel with proposed class and collective members, Plaintiffs seek approval of the attached notice and proposed notice plan. *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 100 (1981); *Agerbrink v. Model Serv. LLC*, No. 14-CV-7841, 2015 WL 6473005, at *2 (S.D.N.Y. Oct. 27, 2015); *Hinds County v. Wachovia Bank N.A.*, 790 F. Supp. 2d 125, 134 (S.D.N.Y. 2011).

 ***Remaining Issues in Dispute***. After the June 8 meet and confer, the following disputed issues remained: (1) the temporal scope of the collective; (2) the job duties/descriptions of included collective members; and (3) the manner of distribution via email and posting. Each of these issues is discussed in the Notice Plan below.

 ***Status of Class Data***. On May 13, Plaintiffs requested via interrogatory the contact information of the members of the stipulated FLSA collective. [Dkt. 38, Exhibit C]. The initial deadline to produce that data lapsed without written objection on June 13. Defendant requested a two-week extension, to which Plaintiff agreed, provided that "Defendant will produce this data without objection to the extent it is in Defendant's custody and control" and that the contact information produced includes e-mail addresses per the language of the request. Defendant would not commit to producing e-mail addresses, and therefore Defendant is out of rule. *See* E-mail Correspondence attached as **Exhibit B.** Since that time Defendant has represented that it is gathering information and has reported an estimated class size of 1,000 individuals. On June 17, Defendant stated that it anticipated "sending you the class list in excel within the next week or so." Defendant did not produce the data. On June 23, Defendant requested another extension of time through July 11. The statute of limitations is running and Notice to the class must be facilitated in a prompt and efficient manner.

The Honorable Lorna G. Schofield                    COHEN ROSENTHAL & KRAMER LLP
June 24, 2022
Page 2 of 3

# NOTICE PLAN

*Class Definition*. All current and former Peloton Employees who worked in the following roles:
   *Showroom Employees*: Sales Associates, Sales Professionals, Sales Specialists, and Assistant Showroom Managers.
   *Inside Sales*: Account Executives, and Team Lead, Inside Sales.
   *Remote/Work-from-Home Sales*: Account Executives or other sales professionals who sell Peloton products or services on a remote, work-from-home basis.
   *Temporal Scope/Class Period*.  Plaintiffs propose notifying prospective class members who were employed by Defendant in the job roles specified on the notice "at any time since January 27, 2019." Defendant objected to Plaintiffs proposed temporal scope.
   Plaintiffs chose this date because it encompasses a three-year period from the date of the filing the initial Complaint, which such period would promote judicial economy and provide an opportunity for any opt-ins with issues pertaining to the statute of limitations an opportunity to move the Court for equitable tolling. *See Kassman v. KPMG LLP*, No. 11 Civ. 03743 (LGS), at *15 (S.D.N.Y. July 8, 2014). These individuals will possess live claims under the New York Labor Law as alleged in Count 2 of the Complaint for which Plaintiffs intend to seek class certification under Rule 23 of the Rules of Civil Procedure and therefore, the proposed class period is not improper. *See Santana v. Fishlegs, LLC*, 13 Civ. 01628 (LGS), at *6 (S.D.N.Y. Nov. 7, 2013).
   *Job Duties/Descriptions*. The Proposed Notice identifies individuals employed as Showroom Employees, Inside Sales, and Remote/Work-from-Home Sales. Defendant took issue with the Remote/Work-from-Home Sales job description on the grounds that Defendant's employment practices do not internally classify individuals who work from home on this basis, but rather internally classified these personnel as either showroom or inside sales personnel. Plaintiffs' position is that despite Defendant's internal classification, individuals with work-from-home sales jobs may not be aware of how they are internally classified and may be confused if their work-from-home job descriptions are omitted from the notice. The attached Proposed Notice is the version Plaintiffs believe will adequately apprise these individuals of their rights to join the Stipulated Collective.
   *Notice Period*. Plaintiffs propose a notice period of 60 days which is to begin to run on the seventh business day after Defendant provides the complete class contact information. Plaintiffs request permission to transmit reminder notices 30 days after the notice period begins to run.  Reminder notices are to be sent in the same manner as the initial notices.  *See Taylor v. R.J.T. Motorist Serv.*, No. 19-CV-01155 (PMH), at *n. 3 (S.D.N.Y. Aug. 24, 2020) ("Courts likewise commonly permit plaintiffs to send a reminder notice before the opt-in period ends.")
   *Content Forms: QR Code and Electronic Signatures*. Plaintiffs request permission to allow opt-in plaintiffs to sign consent forms electronically with digital signatures consistent with the practice for attorney filings via ECF. Plaintiffs also request approval to include a QR Code, as depicted in the attached **Exhibit A**, linking to an online version of the notice. Online hosting of the notice can facilitate efficient transfer of information and electronic signatures.
   *Manner of Distribution*. Plaintiffs request that notices and reminder notices be sent via mail, email, and text message. Plaintiffs also request that the Defendant disseminate the notice via slack channels to the inside sales representatives. Plaintiffs propose that notice be posted in

an appropriate place at each of Defendant's showroom locations and posted conspicuously on Defendant's internal web portals.

Defendant has objected to email notification. But, to the extent Defendant is in custody or control of the last known email addresses, not only must that information be produced but it is also a routinely approved method of notification in FLSA collective cases. *See Aguilo v. Vails Gate Cleaners Inc.*, No. 18-CV-8850, 2020 WL 3545558, at *10 (S.D.N.Y. June 30, 2020) ("Courts in this District commonly grant requests for the production of names, mailing addresses, email addresses, telephone numbers, and dates of employment in connection with conditional certification of a FLSA collective action."). "[E]mail notification is more effective at notifying potential opt-in plaintiffs than mailed notice alone. For this reason, courts in this District routinely allow notice and consent forms to be distributed by email." *Park v. FDM Grp. Inc.*, No. 16-CV-01520, 2019 WL 2205715, at *6 (S.D.N.Y. May 22, 2019).

Defendant has objected to notice by posting. But courts "routinely approve requests to post notice on employee bulletin boards and in other common areas." *Pequero v. Montafon, LLC*, No. 18-CV-12187, 2020 WL 4016756, at *13 (S.D.N.Y. July 15, 2020).

*Defendant Verification by Affidavit.* Plaintiffs request that Defendant verify by affidavit through a representative with personal knowledge that the notice posting has occurred and that the affidavit be filed with the Court within 7 days after the initial posting, 7 days after the reminder posting, and 7 days after the notice period ends.

*Right to Cure Defects*. Plaintiffs request an opportunity to cure consent forms containing any technical defects so long as they were timely filed. Plaintiffs also request that the Court accept consent forms filed after the notice period so long as they were sent before the notice period expires.

*Cost of Notice*. On June 8, the parties could not come to an agreement as to a third-party notice administrator. Given the class size and the experience and capabilities of Plaintiffs' Counsel, Plaintiffs shall pay the costs of distributing the notice, subject to (a) claiming the costs as a reimbursable litigation expense; and (b) claiming the time spent administering the notice as part of an attorney fee petition or motion in the event of judgment or settlement.

*Proposed Briefing Schedule*. To the extent a conference and briefing schedule are necessary, Plaintiffs propose a pre-motion conference on **July 11, 2022**, a Motion for Approval of Collective Notice due on **July 13**, 2022, any Opposition by Defendant on **July 22**, 2022, and Plaintiffs' Reply on **July 29, 2022**. To the extent a pre-motion conference and briefing schedule are unnecessary, Plaintiffs have attached a Proposed Order to this pre-motion letter.

*Summary of Request.* Plaintiffs request the following:
1. An Order approving the version of the attached Notice (**Exhibit A**),
2. An Order approving the Notice Plan,
3. An Order requiring Defendant to provide the class members' last known full names, mailing addresses, email addresses, mobile phone numbers, to the extent that information is within Defendant's possession, custody, or control, no later than July 11.

Respectfully submitted,
*/s/ Jason R. Bristol*
Jason R. Bristol
cc:     All Counsel of Record via ECF