UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPH D. MATEER, CHRISTOPHER BRANCHCOMB, and KATHARINE JOHNSON, *On behalf of themselves and all others similarly situated,*<br><br>Plaintiffs,<br><br>vs.<br><br>PELOTON INTERACTIVE, INC.<br><br>Defendant. | CASE NO. 1:22-cv-00740<br>JUDGE LORNA G. SCHOFIELD<br><br><br><br>**JOINT STIPULATION TO CONDITIONAL CERTIFICATION** |

**STIPULATION**

WHEREAS on May 13, 2022, Plaintiffs Mateer, Branchcomb, and Johnson ("Plaintiffs") filed a pre-motion letter for conditional certification of a collective of similarly situated individuals pursuant to the federal Fair Labor Standards Act ("FLSA");

WHEREAS Defendant Peloton Interactive, Inc. ("Defendant") opposed Plaintiffs' pre-motion letter;

WHEREAS, on May 25, 2022, the Court held a pre-motion conference to discuss, *inter alia*, Plaintiffs' proposal to certify the aforementioned collective and Defendant's response in opposition thereto;

WHEREAS, on May 26, 2022, the Court issued an Order to Defendant [Dkt. No. 41] to file a letter stating whether it will stipulate to conditional certification of the proposed FLSA collective, reserving all of its rights to object to any final certification, or, alternatively, to propose a briefing schedule pertaining to Plaintiffs' proffered motion;

WHEREAS, on May 31, 2022, Defendant filed a letter stating that it "will stipulate to

conditional certification of an FLSA collective, reserving all of its rights to object to any final certification under the more rigorous standard that applies at that stage." [Dkt. No. 42].

WHEREAS, in its May 31, 2022 letter, Defendant further clarified its reservation of rights to emphasize that "Peloton enters this stipulation without prejudice to its forthcoming motion to dismiss the claims asserted by Plaintiff Katharine Johnson, as well as the Wage Theft Prevention Act claim." [Dkt. No. 42];

WHEREAS, the parties mutually acknowledge in this Joint Stipulation that Defendant reserves all of its rights to object to final certification, to seek decertification, and/or reserves all of its rights to challenge any or all of Plaintiffs' claims in subsequent phases of this matter;

WHEREAS, the parties met and conferred on June 8, 2022, to discuss the terms of this Joint Stipulation, Proposed Notice, and Notice Distribution Plan;

**ACCORDINGLY, IT IS HEREBY STIPULATED AND AGREED** by and between Plaintiffs Mateer, Branchcomb, and Johnson, and Defendant Peloton Interactive, Inc., by and through their undersigned counsel, that:

1.      To promote efficiency and to conserve resources among the Parties and the Court, the Parties have agreed to stipulate to the Court's entry of an order conditionally certifying a nationwide collective under the FLSA, 29 U.S.C. § 216(b) (the "Conditional Collective"), subject to the terms, conditions, and reservations contained herein.

2.      **Collective Definition.**  Under the terms of the Parties' Stipulation, the Parties stipulate to notify a Conditional Collective as follows:

All current and former Peloton Employees who worked in the following roles:

*Showroom Employees who worked in the following roles*: Sales Associates, Sales Professionals, Sales Specialists, and Assistant Showroom Managers.

*Inside Sales Employees who worked in the following roles*: Account Executives, Account Associate, Account Associate Lead, Team Lead, Inside

Sales, and Supervisor, Inside Sales.

The parties agree that this includes any employees that worked on a remote, work-from-home basis in one of the above-listed sales positions.  As set forth in the ensuing Notice Distribution Plan and Proposed Notice (discussed below), the applicable dates of employment are January 27, 2019 through the present.

3.    **Defendant's Reservation of Rights.** The decision by Defendant to stipulate to conditional certification of the FLSA collective action does not constitute an admission that the named Plaintiffs meet the conditions necessary for certification of a collective action under the FLSA, 29 U.S.C. § 216(b) (the "Collective Action"). Defendant retains the right to move to decertify the Collective Action and/or oppose any request by Plaintiffs for final certification of this Collective Action.

4.    **Representation.** The Parties stipulate that Jason R. Bristol of the law firm Cohen Rosenthal & Kramer LLP and J.R. Howell, sole practitioner, shall serve as counsel for the collective and Joseph D. Mateer, Christopher Branchcomb, and Katharine Johnson shall serve as the representatives for the collective members. Defendant retains the right to challenge the sufficiency of representation as well as to challenge the Plaintiffs' ability to act as a representative for the collective members.

5.    **Notice Distribution.** The Parties met and conferred regarding a notice distribution plan and were able to reach agreement as to a notice distribution plan, but were unable to reach agreement on the allocation of costs.  Plaintiffs' Counsel will administer the Notice of Collective Action Lawsuit (the "Notice") and Opt-in Consent Form either through their own efforts at their respective firms or through the use of a third-party administrator of their choosing.  Plaintiffs shall pay the costs associated with distributing the notice, subject to (a) claiming the costs as a reimbursable litigation expense; and (b) claiming the time spent as part of

an attorney fee petition or motion in the event of judgment, settlement, or other disposition, subject to the legal standard applicable to such petitions or motions. The parties reached agreement on the form and content of the notice, and agreed that Plaintiffs will distribute the notice by U.S. mail, e-mail, and text message. Plaintiffs submitted for Court approval the parties' agreed-upon Notice Distribution Plan and Proposed Notice, which includes Plaintiffs' proposal for equitable tolling and employment dates applicable to the collective members, on July 12, 2022 (Dkt. No. 59).

6. **Notice Period.** The Parties stipulate to a sixty (60) day Notice Period during which potential collective members may submit consent forms to opt-in to the collective. Plaintiffs' Counsel will file consent forms on an ongoing basis. Consent forms received after the opt-in period expires shall be deemed acceptable so long as they are signed and postmarked, or e-mailed before the expiration of the opt-in period. The sixty (60) day Notice Period shall not commence until five (5) business days after Defendant provides the Class Data requested via Plaintiffs' First Set of Interrogatories on May 13, 2022. Plaintiffs' Counsel may cure and re-file any Opt-In Consent Forms that were filed and later found to be deficient.

7. **Electronic Signatures.** The Parties stipulate to the admissibility of electronic signatures on Opt-In Consent Forms.

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED

That this action be conditionally certified as a FLSA collective action, pursuant to 29 U.S.C. §§ 201 et seq.

RESPECTFULLY SUBMITTED AND DATED this **12th** day of July, 2022.


**COHEN ROSENTHAL & KRAMER LLP**

By: /s/ *Jason R. Bristol*
Jason R. Bristol (OH #0072989) (*pro hac vice*)
jbristol@crklaw.com
3208 Clinton Avenue
Cleveland, Ohio 44113
Phone: (216) 815-9500


*Counsel for Plaintiffs and Opt-In Plaintiffs*


**GIBSON, DUNN & CRUTCHER LLP**

By: /s/ Harris M. Mufson

Harris M. Mufson
Danielle J. Moss
Hayley Fritchie
Stephanie L. Silvano
200 Park Avenue
New York, New York 10166-0193
Telephone: 212.351.4000
HMufson@gibsondunn.com
DMoss@gibsondunn.com
HFritchie@gibsondunn.com
SSilvano@gibsondunn.com

*Attorneys for Defendant Peloton Interactive, Inc.*

**LAW OFFICE OF J.R. HOWELL**

/s/ *J.R. Howell*
J.R. Howell (CA #268086) (*pro hac vice*)
jrhowell@jrhlegalstrategies.com
1223 Wilshire Boulevard
P.O. Box 543
Santa Monica, CA 90403
Phone: (202) 650-8867

## <u>CERTIFICATE OF SERVICE</u>

On this 12th day of July, 2022, a copy of the foregoing ***Joint Stipulation to Collective Certification*** was served electronically on Counsel for Defendant Peloton Interactive, Inc., listed below:

Harris Mufson, Esq.
Danielle Moss, Esq.
Haylie Fritchie, Esq.
Stephanie Silvano, Esq.

Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, NY 10166-0193

<u>/s/ *Jason R. Bristol*</u>
Jason R. Bristol (OH #0072989) (*pro hac vice*)
*One of the Attorneys for Plaintiffs and the Proposed Classes*