```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                             :
JOSEPH D. MATEER, et al.,                                    :
                              Plaintiffs,                    :
                                                             :           22 Civ. 740 (LGS)
               -against-                                     :
                                                             :           ORDER
PELOTON INTERACTIVE, INC.,                                   :
                              Defendant.                     :
-------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on May 3, 2022, Defendant filed a pre-motion letter in anticipation of a partial motion to dismiss the First Amended Complaint ("FAC") (Dkt. No. 35).

WHEREAS, on May 11, 2022, Plaintiffs filed a response (Dkt. No. 37).

WHEREAS, a pre-motion conference was held on May 25, 2022.

WHEREAS, by Order dated June 6, 2022, the parties' pre-motion letters were deemed the motion and opposition, except as to the venue challenge on Count 3 (Dkt. No. 45).

WHEREAS, Defendant filed a reply letter on June 10, 2022 (Dkt. No. 49).

WHEREAS, on a motion to dismiss, a court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the non-moving party but does not consider "conclusory allegations or legal conclusions couched as factual allegations." *Dixon v. Blanckensee,* 994 F.3d 95, 101 (2d Cir. 2021) (internal quotation marks omitted). To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Kaplan v. Lebanese Canadian Bank, SAL*, 999 F.3d 842, 854 (2d Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678; *accord Dane v. UnitedHealthcare Ins. Co.*, 974 F.3d 183, 189 (2d Cir. 2020). It is not enough for a plaintiff to allege facts that are consistent with liability; the

complaint must "nudge[]" claims "across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Bensch v. Est. of Umar*, 2 F.4th 70, 80 (2d Cir. 2021). To survive dismissal, "plaintiffs must provide the grounds upon which [their] claim rests through factual allegations sufficient to raise a right to relief above the speculative level." *Rich v. Fox News Network, LLC*, 939 F.3d 112, 121 (2d Cir. 2019) (alteration in original) (internal quotation marks omitted).

WHEREAS, Defendant moves to dismiss Plaintiff Johnson's Pennsylvania Wage Payment and Collection Law ("WPCL") claim (Count 3) pursuant to Federal Rule of Civil Procedure 12(b)(6), and Plaintiff Mateer's New York Wage Theft Prevention Act ("WTPA") claim (Count 4) for lack of standing. It is hereby

**ORDERED** that Defendant's motion to dismiss Johnson's WPCL claim is **DENIED**. "[T]he WPCL does not create a right to compensation . . . [r]ather, it provides a statutory remedy when the employer breaches a contractual obligation to pay earned wages." *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 309 (3d Cir. 2003); *accord Pieretti v. Dent Enters.*, 553 F. App'x 244, 245 (3d Cir. 2014) (internal quotation marks omitted and second alteration in original) (affirming dismissal of WPCL claim where plaintiff failed to produce evidence of contractual obligation to pay overtime); *see also Braun v. Wal-Mart Stores, Inc.*, 24 A.3d 875, 954 (Pa. Super. Ct. 2011) ("[A]bsent a formal employment contract . . . , an employee raising a WPCL claim would have to establish, at a minimum, an implied oral contract between the employee and employer."), *aff'd*, 106 A.3d 656 (Pa. 2014). The FAC sufficiently pleads a contractual obligation entitling Johnson to overtime wages for purposes of the WPCL claim. The WPCL claim, as alleged in the FAC, is based on contractual obligations in the "'Letter Agreement' offered to [Johnson], which [Johnson] accepted, and the number of policy documents and other agreements included by

reference therein." Though the Letter Agreement does not, on its face, appear to guarantee the payment of overtime wages, the FAC alleges that "the number of policy documents and other agreements included by reference" in the Letter Agreement provide such a contractual basis, and such an allegation must be taken as true on a motion to dismiss. This is sufficient to state a claim under the WPCL. Plaintiffs contend that the Letter Agreement was superseded by subsequent agreement, though this is not alleged in the FAC, and Plaintiffs have neither identified nor produced the allegedly controlling agreement. To the extent Plaintiffs intend to rely on a subsequent agreement for purposes of the WPCL cause of action, the FAC should be amended to reflect this. It is further

**ORDERED** that Defendant's motion to dismiss Mateer's WTPA claim is DENIED. The Second Circuit has described the injury-in-fact requirement as "a low threshold." *John v. Whole Food Markets Grp., Inc.*, 858 F.3d 732, 736 (2d Cir. 2017). In contrast to technical violations of the WTPA that have been dismissed for lack of standing in some cases, *see, e.g., Francisco v. NY Tex Care, Inc.*, No. 19 Civ. 1649, 2022 WL 900603, at *7 (E.D.N.Y. Mar. 28, 2022), the allegations in the FAC go beyond asserting a bare statutory violation and sufficiently allege a concrete harm. Specifically, the FAC alleges that Defendant's violation "resulted in the underpayment of wages," and monetary injury is a concrete harm sufficient for purposes of Article III standing. *See TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2204 (2021); *see also Imbarrato v. Banta Mgmt. Servs., Inc.*, No. 18 Civ. 5422, 2020 WL 1330744, at *9 (S.D.N.Y. Mar. 20, 2020) (rejecting standing challenge to WTPA claim, in part, because plaintiffs asserted a concrete and particularized injury arising from defendants' failure to provide them with wage notices and page stubs tied to deprivation of adequate wages). Defendant argues that this allegation conflicts with other allegations in the FAC that Defendant's failure to pay overtime

3

was a result of timekeeping practices and purported misclassification of employees, but construing all reasonable inferences in Plaintiff's favor, the Complaint sufficiently pleads that that the WTPA violation contributed to the underpayment as well.  It is further

    **ORDERED** that by **July 21, 2022**, Plaintiffs shall file a letter stating whether they intend to amend the FAC, and shall file any amended complaint by **July 28, 2022**, pursuant to the terms of the Case Management Plan and Scheduling Order (Dkt. No. 29), which permits amendments without leave of court until forty-five days after Defendant answers or otherwise responds to the complaint.[1]  It is further

    **ORDERED** that by **August 4, 2022**, Defendant shall file an answer to the operative complaint.

Dated: July 14, 2022
       New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

---

[1] By Order dated June 6, 2022, Defendant's pre-motion letter was construed as a motion to dismiss.