**GIBSON DUNN**

By **August 3, 2022**, Plaintiffs shall file a response to this letter.

SO ORDERED.

Dated: July 28, 2022
New York, New York

*[signature]*

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Harris M. Mufson
Direct: +1 212.351.3805
Fax: +1 212.817.9505
HMufson@gibsondunn.com

July 27, 2022

**VIA ECF**

The Honorable Lorna G. Schofield
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:   *Mateer et al. v. Peloton Interactive, Inc.* Case 1:22-cv-00740-LGS

Dear Judge Schofield:

We represent Defendant Peloton Interactive, Inc. ("Peloton") in the this action. Pursuant to Local Rule 37.2 and Rules III.A.1 and III.C.3 of Your Honor's Individual Practices, Peloton respectfully requests a pre-motion discovery conference in connection with its anticipated motion, pursuant to Rules 26 and 42, for an updated scheduling order.  Specifically, Peloton requests that the Court order the parties to first complete ongoing individual discovery into the named Plaintiffs' claims and resolve the threshold issue of whether the named Plaintiffs' federal and state overtime claims are voided by the retail sales exemption (29 U.S.C. § 207(i) and its state law equivalents), before then proceeding (if and as necessary) to expensive, time-consuming class-wide discovery.  The parties have met and conferred.  While the parties agree an extension to the current discovery schedule is needed, Plaintiffs oppose bifurcation.

## I.   PROCEDURAL HISTORY

Plaintiffs Mateer, Branchcomb, and Johnson—former Peloton retail sales employees—assert wage and hour claims, including, in principal part, that Peloton failed to pay them overtime wages required under federal and state law.  Plaintiffs seek to represent a nationwide collective under the Fair Labor Standards Act ("FLSA") and multiple state law classes under Rule 23. On July 12, the parties stipulated to conditional certification of the FLSA collective, with Peloton reserving all rights to object to final certification. Dkt. 60.  Notice has not yet issued.

The operative scheduling order entered on April 6 set a discovery schedule applicable only to Plaintiffs' individual claims and contemplated class-wide discovery only after a court order on conditional certification.  Dkt. 29.  As a result, the parties have meaningfully advanced discovery into the named Plaintiffs' individual claims:  the parties have exchanged and responded to interrogatories, exchanged requests for admission and requests for production, begun producing documents, and noticed depositions.  Plaintiffs have sought voluminous discovery from Peloton during this initial phase of the case, serving 83 separate document demands, 25 interrogatories (with multiple subparts), and 144 Requests for Admission.  The current deadline for the close of individual fact discovery (to which the parties agree an extension is required) is August 11.

The Honorable Lorna G. Schofield
July 27, 2022
Page 2

## II. BIFURCATING DISCOVERY TO RESOLVE THE THRESHOLD ISSUE OF 7(i) PRESERVES JUDICIAL RESOURCES AND IS NOT PREJUDICIAL

District courts have "broad discretion to manage the manner in which discovery proceeds." *Sydney v. Time Warner Ent.-Advance/Newhouse P'ship*, 2014 WL 12969244, at *2 (N.D.N.Y. July 8, 2014). A district court may exercise this discretion, for example, to "further convenience, avoid prejudice, or promote efficiency." *Id.* (quoting *Amato v. City of Saratoga Springs*, 170 F.3d 311, 316 (2d Cir. 1999)). This includes bifurcating discovery where "litigation of the first issue might eliminate the need to litigate the second issue." *Id*.

The most efficient way to proceed in this case is to first determine whether the 7(i) Retail Sales Exemption applies to the named Plaintiffs' retail sales work. The 7(i) Exemption and state analogues provide a ***complete*** defense to Plaintiffs' federal and state overtime claims. Accordingly, as the court held in addressing this same question in *Sydney*: bifurcation and early summary judgment is appropriate because the 7(i) Exemption is a "threshold issue," which, if resolved in defendant's favor, would avoid "protracted and contentious class discovery." 2014 WL 12969244, at *2. The same is true here. Proceeding on the applicability of the 7(i) Exemption prior to engaging in contentious class/collective-wide discovery would conserve both party and judicial resources and facilitate resolution of the entire case.

In fact, Defendant's proposed approach here has been adopted in multiple New York district court cases dealing with this same 7(i) exemption and other analogous wage-hour situations. *E.g., Sydney*, 2014 WL 12969244, at *2 (bifurcating 7(i) exemption); *Charlot v. Ecolab*, 136 F. Supp. 3d 433, 436 (E.D.N.Y. 2015) (same); *Henig v. Quinn Emanuel Urquhart & Sullivan LLP*, 151 F. Supp. 3d 460, 466-67 (S.D.N.Y. 2015) (bifurcating administrative exemption).

Here, determination of the 7(i) Exemption issue is ripe for a prompt resolution given both the status of discovery to date (*see supra*) and that the exemption's applicability relies on a discrete set of facts that may be conclusively determined with regard to each Plaintiff. The 7(i) Exemption applies if three conditions are met: (1) the employee is employed by a retail or service establishment; (2) the employee's regular rate of pay is more than 1.5 times the applicable minimum wage in workweeks during which they work overtime hours; and (3) commissions on goods or services represent more than half of the employee's compensation for a representative period. 29 U.S.C. § 207(i); 29 C.F.R. § 779.410; *see also* 12 N.Y.C.R.R. § 142-2.2; 34 Pa. Code § 231.43(f). The facts necessary to establish these elements are specific to each Plaintiff and can be assessed directly from the factual record already being developed.[1]

---

[1] For example—and contrary to Plaintiffs' contention that Peloton has objected to relevant 7(i) discovery—Peloton has already produced Plaintiffs' pay statements, commission plans, and timekeeping records, as well as public statements regarding Peloton's status as a retail establishment.

GIBSON DUNN

The Honorable Lorna G. Schofield
July 27, 2022
Page 3

Absent an order briefly continuing class-wide discovery until the 7(i) Exemption is addressed, contentious class-wide discovery will unnecessarily consume the parties' and the Court's time and resources for many months—all while a seminal issue is sitting ready for review.

Moreover, Peloton's proposal does not prejudice or harm Plaintiffs or putative class/collective members. Peloton has already stipulated to conditional certification of the FLSA collective. The discovery procedure proposed here would neither delay the implementation of the notice and opt-in period nor impede putative opt-ins from joining the case and thus preserving their claims. As such, this proposal presents no impairment to the rights of potential opt-in plaintiffs or putative class members. The opposite, in fact. Proceeding now with discovery into the merits of opt-in plaintiffs' claims and the propriety of final certification will subject those individuals to time-consuming and expensive discovery—including individualized written discovery and depositions—that may be entirely mooted by a decision on the 7(i) Exemption.

Peloton understands that Plaintiffs disagree that applicability of the 7(i) Exemption may be resolved on summary judgment because they anticipate disputing the number of hours that each Plaintiff actually worked. But that is not an impediment to summary resolution where—as Defendant anticipates—the exemption will apply *regardless* of any such disputed facts. In *Charlot*, for example, the court tested the 7(i) Exemption against an agreed-upon range of hours worked by the plaintiffs, and, upon finding all prongs of the test satisfied within that range, awarded summary judgment to defendant. *Charlot,* 136 F. Supp. 3d at 449-50.

Nor is it relevant (as Peloton anticipates Plaintiffs will argue) that each Plaintiff (for some portion of time) was compensated on an hourly basis, including overtime. In fact, it would belie the very purpose of the FLSA to penalize an employer for gratuitously paying overtime compensation that was not statutorily required. *Modeski v. Summit Retail Sols.*, 27 F.4th 53, 56 n.2 (1st Cir. 2002) (rejecting that a "subsequent exemption argument" is prevented or undermined by the fact that the defendant had classified plaintiffs as non-exempt).[2]

### III.   PROPOSED DISCOVERY SCHEDULE

Peloton respectfully proposes that discovery be bifurcated into two phases as set out in **Exhibit A** such that Peloton can promptly file a summary judgment motion on its 7(i) Exemption defense at the expiration of the individual fact discovery period. If that motion is denied, the parties would proceed immediately into class/collective-wide discovery.

---

[2] Any argument that Peloton's proposed approach is untenable because Peloton has not yet "formally asserted" its 7(i) defense is equally misplaced and misleading. Peloton is only required to identify affirmative defenses in its answer. Nevertheless, Peloton has repeatedly informed Plaintiffs (in court filings and correspondence) that it intends to assert 7(i) as a principal defense.

GIBSON DUNN

The Honorable Lorna G. Schofield
July 27, 2022
Page 4

Respectfully submitted,

/s/ Harris M. Mufson
Harris M. Mufson

# EXHIBIT A

| Event | Deadline |
|---|---|
| **Close of individual fact discovery**[1] | November 9, 2022   (90 day extension) |
| **Motion(s) for summary judgment on applicability of 7(i) Exemption to named Plaintiffs' claims** | <u>Moving brief</u>:  14 days after close of individual fact discovery<br><u>Opposition brief</u>:  14 days later<br><u>Reply brief</u>:  7 days later<br><u>Hearing</u>:  TBD |
| **FLSA collective and class certification discovery ("class/collective discovery") begins (if necessary)** | Immediately upon Court order on 7(i) summary judgment motion(s) |
| **Deadline for requests for production and interrogatories to be served** | 30 days after Court ruling |
| **Close of class/collective fact discovery**[2] | 120 days after Court ruling |
| **Expert discovery** | <u>Plaintiffs' Initial Export Reports</u>:  30 days after close of class/collective discovery<br><u>Defendant's Export Reports</u>:  30 days after Plaintiffs' initial reports<br><u>Plaintiffs' Rebuttal Export Reports</u>:  21 days after Defendant's reports<br><u>Close of Expert Discovery</u>: 30 days after submission of all expert reports |
| **Rule 23 Cert. Motions (Pls)**<br>**FLSA Final Certification Motion (Pls)**<br>**FLSA Decertification Motion (Def.)** | <u>Moving briefs</u>:  30 days after close of expert discovery<br><u>Opposition briefs</u>:  21 days later<br><u>Reply briefs</u>:  10 days later<br><u>Hearing</u>:  TBD |
| **Dispositive Motion(s)** | Parties to meet and confer and submit a proposed schedule within 14 days after the Court's decision on FLSA decertification/Rule 23 certifications |

---

[1] To ensure that class discovery can proceed (if and as necessary) in earnest as soon as a decision on summary judgment is issued, the parties shall also meet and confer during this period regarding both a stipulated protocol for the scope of opt-in discovery and the selection of those individuals who will be required to respond to such discovery.

[2] This deadline does not apply to depositions of individuals submitting declarations in support/opposition to the FLSA certification/decertification and Rule 23 certification briefing, which may occur at any time prior to the relevant subsequent brief.  For example, a declarant supporting Defendant's brief in opposition to class certification could be deposed between the filing of that brief and Plaintiffs' reply in support of class certification.