UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JOSEPH D. MATEER, et al.,                                        :

                                                              :        <u>ORDER</u>
                      Plaintiffs,                        22 Civ. 740 (LGS) (GWG)
                                                              :

   -v.-

                                                               :
PELOTON INTERACTIVE, INC.
                                                               :

                      Defendant.            :
-----------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, United States Magistrate Judge**

      A conference to address Docket ## 68 and 75 shall take place on August 17, 2022, at 11:00 a.m.  It is the Court's intention to decide the matters raised in these letters at the conference unless a party has shown good cause in advance of the conference why formal briefing should be required.

      At the above date and time, the parties shall dial (888) 557-8511 and use access code: 6642374.  (The public may also dial in but will be permitted only to listen.)  When dialing in to the conference, the parties must be in a quiet indoor location and must not use a speakerphone.  A telephone line and microphone technology with optimal quality should be used.   The Court will record the proceeding for purposes of transcription in the event a transcript is ordered.  However, any other recording or dissemination of the proceeding in any form is forbidden.

      Each attorney or unrepresented party is directed to ensure that all other attorneys or unrepresented parties on the case are aware of the conference date and time.  In addition, any requests for an adjournment must be made in compliance with Judge Gorenstein's rules (available https://nysd.uscourts.gov/hon-gabriel-w-gorenstein).

      The Court does not plan to address at the conference any discovery disputes raised in the letters filed as docket ## 76 and 85 (or to the extent any are raised in Docket ## 68 and 75) because the Court it is not convinced the parties have made sufficient efforts to meet and confer to resolve those issues.  While normally the Court would direct the plaintiff to send a new letter in compliance with paragraph 2.A of the Court's Individual Practices, in this instance the Court directs that any disputes be presented by a joint letter.  Before any such letter is filed, the parties shall confer again by telephone or in person.  During that conference, the parties shall discuss each dispute at length and in detail, making every effort to reach agreement.  To the extent that there remain any disputes after the parties have discussed them in full, the parties shall file a jointly composed letter that, issue by issue, provides each side's position as to that issue in detail.  The letter shall omit the history of the efforts to meet and confer.  Before filing such a letter, each side shall be given an opportunity to adjust its portion of the letter to respond to the other side's written draft describing its side of the dispute.  Also, each side must make itself available to consult telephonically with opposing counsel (within one business day unless an emergency intervenes) as part of the composition process.  It is critical that each party address in the final

letter its responses to the other side's position as to each issue. If such a letter is filed, the Court may decide the remaining disputes based solely on the letter and without holding a conference.

      Finally, it appears that some delay in production may be due to the parties' inability to agree on a confidentiality order.  The parties are directed to attempt to resolve this issue immediately.  If it cannot be resolved, each side should each submit a proposed versions of a confidentiality order and the Court will issue one on its own. The Court notes that it is unnecessary for the parties to agree in advance on what categories of documents may be designated as confidential.  Instead, the document may simply allow the designation of "any materials that the producing party believes in good faith is properly subject to protection under Fed. R. Civ. P. 26(c).(1)."  "Whether any documents are ultimately properly designated as confidential is best left to consideration of specific documents or categories of documents." Sungjin Inc Co., Ltd. v. ITOCHU Intl. Inc., 2021 WL 979566, at *2 (S.D.N.Y. Mar. 16, 2021).

      SO ORDERED.

Dated: August 11, 2022
      New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge