UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| JOSEPH D. MATEER, CHRISTOPHER BRANCHCOMB, and KATHARINE JOHNSON, *On behalf of themselves and all others similarly situated,* | ) ) ) ) ) ) ) | CASE NO. 1:22-cv-00740-LGS-GWG JUDGE LORNA G. SCHOFIELD MAGISTRATE JUDGE GABRIEL W. GORENSTEIN |
| Plaintiffs, | ) ) ) |  |
| vs. | ) ) |  |
| PELOTON INTERACTIVE, INC. | ) ) ) |  |
| Defendant. | ) ) |  |

## <u>STIPULATED PROTECTIVE ORDER</u>

IT IS HEREBY STIPULATED, pursuant to Rule 26 of the Federal Rules of Civil Procedure, by and among the parties hereto, through their undersigned counsel of record, that in order to facilitate the exchange and/or disclosure of documents, or information in the above-captioned action that may involve confidential information (herein referred to as "Confidential Information") and access to that Confidential Information should be restricted, the Parties respectfully request that the Court sign this Stipulated Protective Order to govern the production of documents and the conduct of discovery in the above-referenced action:

1.      Any party may, ***in good faith***, designate any document, material or information, including any transcript of testimony in this action, as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" subject to the terms of this Order (such party, the "Designating Party"). Said designation may be accomplished by (i) providing written notice to the other party; (ii) making a statement to that effect on the record of any proceeding; or (iii) stamping the document, material, or information with the legend "CONFIDENTIAL" or

"HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – AEO." On documents with multiple pages, each page where Confidential Information appears shall be separately stamped, unless the producing party represents that the entire document is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY." Documents produced in the course of discovery herein (either formally or informally) which the producing party deems to contain Confidential Information may be designated as confidential by the producing party and the documents or portions thereof deemed to be confidential which are copies and delivered to counsel for the inspecting party shall be marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."

2.      All documents, material and information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" (including documents, material and information which disclose the content of any document, material or information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY") shall be used solely for purposes of this action and for no other purpose whatsoever. A person with custody of "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" documents or information shall maintain them or it in a manner that assures that access to them or to it is strictly limited to persons entitled to receive said documents or information in accordance with the provisions of this Order.

3.      The inadvertent production or disclosure of any Confidential Information without a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" designation shall be without prejudice to the parties' rights under this Order, and the parties shall retain the right thereafter to designate such document or information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."

(a)     In the event of a disclosure of a document or information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" to a person not authorized to have had such disclosure made to him or her under the provisions of this Order, and in the event the party responsible for having made or allowed such disclosure becomes aware of such disclosure, the party must immediately (i) notify in writing the Designating Party of the unauthorized disclosures, (ii) use its best efforts to retrieve all unauthorized copies of the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" materials, (iii) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (iv) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A. The responsible party shall also take all reasonable measures promptly to ensure that no further or greater unauthorized disclosure of the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" materials is made by anyone.

4.     Nothing in this Protective Order shall be deemed a waiver of the attorney-client privilege, the work product doctrine, or any other privilege or immunity, or of the right of any party to this action to oppose production of any information or documents as being outside the scope of discovery.

5.     Inadvertent production of documents subject to the attorney-client privilege or work product doctrine shall not constitute a waiver of the privilege or of the doctrine, provided the disclosing party promptly notifies the receiving party in writing of such inadvertent production after the disclosing party learns of such inadvertent disclosure. No party shall thereafter assert that such inadvertent production waived any privilege or immunity. No use shall be made of such

documents during the deposition or at trial, nor shall they be shown to anyone who was not given access to them prior to the request to return or destroy them. The receiving party shall destroy or return such inadvertently produced item(s) of information and all copies thereof within ten (10) days of the earliest of (a) discovery by the receiving party of its inadvertent production, or (b) upon receiving a written request from the disclosing party for the destruction or return of such item(s). The receiving party having returned such inadvertently produced item(s) may thereafter, without asserting waiver because of the inadvertent production, seek production of any such item(s) in accordance with applicable law.

6.      Any transcript of deposition or trial testimony yet to be recorded in this action which concerns any document or information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall be subject to the terms of this Order.

7.      Documents, material and information designated as "CONFIDENTIAL" shall not be disclosed to any person except:

(a)     the parties hereto including but not limited to in-house attorneys;

(b)     witnesses or potential witnesses at any proceeding in this action, including deponents;

(c)     counsel and their support staff assisting in the preparation of this action;

(d)     court reporters;

(e)     experts retained or formally consulted by the parties, whether or not ultimately called to testify in this action;

(f)     the Judge;

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)     any mediator or settlement officer who is assigned to hear this matter, and his or her

staff, who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), which shall be retained in the files of counsel obtaining the undertaking; and

(i)     notwithstanding the provisions of paragraph 15, any other person with the prior written consent of the producing party.

8.      Information designated as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall be disclosed only to (a) attorneys employed as in-house counsel of the receiving party, to whom disclosure is reasonably necessary for this case, who are permitted by the producing party to have access to such materials, as well as their immediate paralegals and staff, (b) outside attorneys of record for the parties to this action, their authorized secretarial and legal assistant/support staff, (c) the judge, and court reporters and (d) outside experts retained or consulted with by the parties or their attorneys for purposes of this litigation. No documents or information designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall be disclosed to any party to this action or to any officer, director or employee of any party, except by written Order of the parties or by order of the Court. Documents, material and information designated as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall only be provided to those persons identified above who have been advised that such document or information is being disclosed pursuant to and subject to the terms of this Order, and may not be disclosed other than pursuant to the terms hereof. Potential witnesses (fact and expert) shall sign an agreement (the form of which is attached hereto as Exhibit A) that "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" documents and/or other information provided to him or her will not be disclosed to any other person. Such signed agreements shall be retained by the party disclosing confidential documents or information to such persons and shall be provided to the other party to this agreement on a good faith showing of a

5

reasonable belief that a violation of a term thereof has occurred.

9.      The parties hereto agree that if any person not authorized to receive or see documents, material and information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" under the terms of this Order is present at any deposition in this action or at a hearing, trial or other court proceeding, that person shall be asked to leave that proceeding for the period of time during which such Confidential Information is the subject of questioning.

10.     Subject to the Local Civil Rules of the Court, the individual rules of practice of any judges hearing this case, and applicable law, any documents, material and information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" submitted to the Court (including documents or materials containing information therefrom), shall be labeled "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" and may either be filed unsealed in redacted form or filed under seal in unredacted form, as ordered by the Court.

11.     Any document, material or information supplied by a third party may be designated by such third party or by any party to this proceeding as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" under the terms of this Order, and such designation by any third party shall have the same force and effect as if made by a party.

12.     If a party is served with a subpoena or a court order issued in other litigation (including litigation that arises from the same or substantially identical transactions, happenings, or events as this action and involves one or more of the parties to this action) that compels disclosure of any information designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" that party must:

(a)     promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order; and

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order.

13.     If the Designating Party timely seeks a protective order, the party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.

14.     Nothing in the provisions of this Stipulated Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, such additional protection with respect to Confidential Information as that party may consider appropriate.

15.     Jurisdiction of this action is to be retained by this Court, after final determination, for purposes of enabling any party to this Stipulated Protective Order to apply to the Court for such direction, order or further decree as may be appropriate for the construction, modification, enforcement or compliance herewith or for the punishment of any violation hereof, or for such additional relief as may become necessary to realize the intentions of the Stipulated Protective Order.

16.     The attorneys of record for a party who wishes to disclose documents, material

and information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" to persons other than those identified in paragraph 7 shall notify the attorneys of record for the other party. The attorneys shall confer in good faith in order to identify commercially sensitive materials and discuss whether disclosure can be made. If they cannot agree, the party seeking disclosure shall apply to the Court, on reasonable notice, for an order permitting disclosure. The party which designated such documents, material or information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall have the burden of proof as to the validity of such designation; that party's burden shall be the same as required in the absence of a protective order. No disclosure of the information to persons other than those identified in paragraph 7 shall be made pending a ruling by the Court.

17.     A party shall not be obligated to challenge the propriety of the designation of information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" at the time made, and failure to do so shall not preclude a later challenge thereof. If a party challenges such a designation, it or they shall send or give notice to the other party and to any third party who designated the information as confidential and shall attempt in good faith to resolve any challenge on an expedited and informal basis. Upon receipt of such notice, the party or nonparty that designated the documents, material or information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall be required to state the basis for such designation in writing to the other party or parties. If the challenge cannot be expeditiously and informally resolved, either the designating party or nonparty may, on reasonable notice, apply for an appropriate ruling from the Court. The party or nonparty which designated such documents, material or information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall have the burden of proof as to the validity of each such

designation; that party or nonparty's burden shall be the same as required in the absence of a protective order. The documents, material or information at issue shall continue to be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" until the Court orders otherwise.

18.     Within ninety (90) days after the conclusion of this action, each party shall promptly return to counsel for the producing party, or non-party producing documents or information pursuant to paragraph 11 hereof, all copies and originals of all documents, material or other information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" or, at the option of the producing party or non-party, shall destroy such material (by shredding or other form of mutilation) and shall submit a written certification to the producing party (and, if not the same person or entity, to the Designating Party) by the ninety (90)-day deadline that states that all copies and originals of all documents, material or other information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" were returned or destroyed and affirms that the receiving party has not retained any copies.

19.     Except as expressly set forth above, nothing in this Order shall preclude the free, unrestricted and non-confidential use of any documents or information in the courtroom at trial, subject to the right of any party to seek confidential treatment by further Order or court order. In this regard, the party seeking to use documents, materials and/or information earlier designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall first notify the designating party and the Court that the document, material and/or information was earlier so designated, thereby giving the designating party the right to object to the free, unrestricted and non-confidential disclosure of the same in the courtroom.

20. By entering into this Order, designating documents or information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" hereunder, or by any party not challenging a designation made hereunder by another party, no party shall be deemed to have waived any right, claim, remedy or defense available to it, including without limitation, disputing the claim by any party that any documents and information so designated constitutes a trade secret or other protectable information.

*      *      *

This Stipulated Protective Order may be signed in counterparts, which, when fully executed, shall constitute a single original, and electronic signatures shall be deemed original signatures.

**IT IS SO STIPULATED.**

Dated:   August 24, 2022

COHEN ROSENTHAL & KRAMER

By:   /s/ *Jason R. Bristol*
    Jason R. Bristol
    3208 Clinton Avenue
    Cleveland, Ohio 44113
    (216) 815-9500 (Tel. and Fax)
    jbristol@crklaw.com

*Co-Counsel for Plaintiffs*

LAW OFFICE OF J.R. HOWELL

By:   /s/ *J.R. Howell*
    J.R. Howell
    1223 Wilshire Boulevard
    P.O. Box 543
    Santa Monica, CA 90403
    Phone: (202) 650-8867
    jrhowell@jrhlegalstrategies.com

*Co-Counsel for Plaintiffs*

GIBSON, DUNN & CRUTCHER LLP

By:   /s/ *Harris M. Mufson (per consent)*
    Harris M. Mufson
    Danielle J. Moss
    Hayley H. Fritchie
    Stephanie L. Silvano

    200 Park Avenue
    New York, NY 10166-0193
    Telephone: 212.351.4000
    HMufson@gibsondunn.com
    DMoss@gibsondunn.com
    HFritchie@gibsondunn.com
    SSilvano@gibsondunn.com

*Counsel for Defendant Peloton Interactive, Inc.*

**SO ORDERED:**

DATED: ____August 24____, 2022

_____
Hon. Gabriel W. Gorenstein
UNITED STATES MAGISTRATE JUDGE

**EXHIBIT A**
**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

      I, _____ [print or type full name], of _____

_____ [print or type full address], declare under penalty of perjury

that I have read in its entirety and understand the Order Concerning Confidential Material (the

"Order") that was issued by the United States District Court for the Southern District of New York

in the action captioned *Mateer, et al. v. Peloton Interactive, Inc.*, Case No. 1:22-cv-00740-LGS-

GWG.

      I agree to comply with and to be bound by all of the terms of the Order and I understand

and acknowledge that failure to so comply could expose me to sanctions and punishment in the

nature of contempt. I solemnly promise that I will not disclose in any manner any information or

item that is subject to the Order to any person or entity except in strict compliance with the

provisions of the Order.

Date: _____

City and State where executed: _____

Printed Name: _____

Signature: _____