UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JOSEPH D. MATEER, et al.,
                     Plaintiffs,

           -against-

PELOTON INTERACTIVE, INC.,
                     Defendant.
------------------------------------------------------------X

22 Civ. 740 (LGS)

ORDER

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on July 15, 2022, Defendant moved to dismiss Plaintiff Katharine Johnson's claims pursuant to Federal Rule of Civil Procedure 12(b)(6), or, in the alternative, transfer the case to the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1404.

WHEREAS, Defendant has asked the Court to consider information outside of the pleadings. In particular, Defendant attached to its motion papers a Letter Agreement between Johnson and Defendant containing a forum selection clause, which forms the basis of its motion.

WHEREAS, on August 5, 2022, Plaintiffs filed a Second Amended Complaint ("SAC"). Although the SAC became operative after Defendants filed the motion to dismiss, it may be properly considered. *See Pettaway v. Nat'l Recovery Solutions, LLC*, 955 F.3d 299, 303-04 (2d Cir. 2020) ("[W]hen a plaintiff properly amends her complaint after a defendant has filed a motion to dismiss that is still pending, the district court has the option of . . . evaluating the motion in light of the facts alleged in the amended complaint."). While the SAC contains no reference to the Letter Agreement, this does not prevent a court from considering such an agreement, if it exists, as integral to the complaint. *See Yak v. Bank Brussels Lambert*, 252 F.3d 127, 131 (2d Cir. 2001) ("Carefully avoiding all mention of [the parties' agreements] does not make them any less integral to [Plaintiff's] complaint."); *Chen v. Antel Comm'ns, LLC*, 653 F. App'x 43, 44 (2d Cir. 2016) (summary order) (affirming the use of an employment contract in

deciding a motion to dismiss, even when Plaintiff "carefully omitted mention of the Employment Agreement in his complaint").

WHEREAS, "even if a document is integral to the complaint, it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document." *United States ex rel. Foreman v. AECOM*, 19 F.4th 85, 106 (2d Cir. 2021) (internal quotations omitted). Plaintiffs dispute the authenticity of the Letter Agreement attached to Defendant's filings, arguing for it to be stricken for lack of authentication. Because the requirement of no dispute as to authenticity is "interpreted strictly," this precludes consideration of the Letter Agreement to resolve a motion to dismiss. *Savides v. United Healthcare Servs., Inc.*, No. 18 Civ. 4621, 2019 WL 1173008, at *2 (S.D.N.Y. Mar. 13, 2019) (internal quotation marks omitted).

WHEREAS, under Federal Rule of Civil Procedure 12(d), "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56," provided that the parties have "reasonable opportunity to present all the material that is pertinent to the motion." *See Sahu v. Union Carbide Corp.*, 548 F.3d 59, 67 (2d Cir. 2008) (A "reasonable opportunity" generally requires a district court to "give notice to the parties before converting a motion.") (internal quotation marks omitted); *Casey v. Odwalla, Inc.*, 338 F. Supp. 3d 284, 295 (S.D.N.Y. 2018). It is hereby

**ORDERED** that Defendant's motion to dismiss will be converted to a motion for summary judgment on the issue of the enforceability of the forum selection clause in the Letter Agreement between Johnson and Defendant. It is further

**ORDERED** that, by **October 14, 2022**, Plaintiffs shall file evidence, along with any accompanying supplemental briefing, not to exceed five (5) double-spaced pages in total, in

opposition to summary judgment with respect to the issue of the authenticity and applicability of the Letter Agreement to Johnson's claims. It is further

**ORDERED** that, by **October 21, 2022**, Defendant shall file any additional evidence (beyond the Letter Agreement) in support of summary judgment, along with any accompanying supplemental briefing, not to exceed five (5) double-spaced pages in total, in support of summary judgment.

Dated: September 29, 2022
       New York, New York

                                        _____
                                        **LORNA G. SCHOFIELD**
                                        **UNITED STATES DISTRICT JUDGE**