**PLAINTIFFS'**

# APPENDIX



## <u>SUMMARY OF CONTENTS</u>

Excerpts from Defendant's Initial Disclosures ............................................................................3

Excerpts from Plaintiffs' Interrogatories and Defendant's
Responses.....................................................................................................................................8

Excerpts from Plaintiffs' Requests for Production of Documents
and Defendant's Responses ........................................................................................................16

Excerpts from the Parties' Discovery Correspondence ............................................................29

Excerpt from Official Transcript, Conference, August 17, 2022,
where Defendant's Counsel committed to producing information relevant
to the matter currently underway ..............................................................................................34

## Excerpts from Defendant's Initial Disclosures

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPH D. MATEER, CHRISTOPHER
BRANCHCOMB, and KATHARINE JOHNSON
on behalf of themselves and all others similarly
situated,

      Plaintiffs,

   -against-

PELOTON INTERACTIVE, INC.,

      Defendant.

Case No. 1:22-CV-00740-LGS

### DEFENDANT'S RULE 26 INITIAL DISCLOSURES

\*\*\*

  A.  **The name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.**

  Based on the information available to date, the following list includes those individuals who Defendant has reason to believe are likely to have or may have discoverable information that Defendant may use to support its defenses (not including witnesses solely for impeachment) pursuant to Fed. R. Civ. P. 26(a)(1). All addresses and telephone numbers listed below are provided by Defendant to the extent the information is currently known, upon Defendant's current information and belief. The inclusion of a name on this list is not a statement by Defendant that the individual necessarily has discoverable information. The list does not include

2

experts or consultants who may be retained. Defendant has listed the probable general subject matter of these individuals' knowledge, but this general description does not limit the subject areas of information each individual may provide. Defendant reserves the right to offer testimony at trial or otherwise from any of the following individuals on subjects other than the matters specified below. Defendant also reserves the right to offer testimony at trial or otherwise from individuals not listed below. Defendant incorporates by reference and reserves the right to rely on, depose, subpoena, or call at trial any individuals disclosed by any party in this action. In addition to the listed individuals, there may be other individuals who have knowledge of discoverable information and will be identified as discovery progresses, and Defendant reserves all rights to augment, amend, change, revise, and/or supplement the information contained herein.

By identifying individuals in this disclosure, Defendant does not represent or agree that these individuals submit to the jurisdiction of this Court, are subject to a subpoena, are available for deposition, and/or are available to testify at any hearing or trial. Except where noted, all titles and business affiliations, including for former employees, are as of the time of the relevant events in this action or based on last known information. Subject to the foregoing, Defendant identifies the following individuals likely to have discoverable information that it may use to support its defenses:

| Individual | Contact Information (If Known) | Subject(s) |
|---|---|---|
| **Joseph D. Mateer** (Plaintiff) | c/o Jason R. Bristol 3208 Clinton Avenue Cleveland, Ohio 44113 (216) 815-9500 (Tel. and Fax) jbristol@crklaw.com | Terms and conditions of his employment, including compensation; Peloton's policies, plans, and procedures; and his alleged claims and damages. |

3

*Mateer, et al. v. Peloton Interactive, Inc.*
U.S. Dist. Ct. S.D.N.Y.
Case No. 1:22-cv-00740-LGS-GWG
APPENDIX A

| Individual | Contact Information (If Known) | Subject(s) |
|---|---|---|
| **Christopher Branchcomb** (Plaintiff) | c/o Jason R. Bristol 3208 Clinton Avenue Cleveland, Ohio 44113 (216) 815-9500 (Tel. and Fax) jbristol@crklaw.com | Terms and conditions of his employment, including compensation and hours worked; Peloton's policies, plans, and procedures; and his alleged claims and damages. |
| **Katharine Johnson** (Plaintiff) | c/o Jason R. Bristol 3208 Clinton Avenue Cleveland, Ohio 44113 (216) 815-9500 (Tel. and Fax) jbristol@crklaw.com | Terms and conditions of her employment, including compensation and hours worked; Peloton's policies, plans, and procedures; and her alleged claims and damages. |
| **Israel Varela** (Peloton, Sr. Director of Inside Sales) | c/o Harris Mufson, Esq. Gibson, Dunn & Crutcher LLP 200 Park Avenue, 48th Floor New York, NY 10166 Tel: 212-351-4000 HMufson@gibsondunn.com | Mr. Mateer's and Mr. Branchcomb's employment, including duties, responsibilities, compensation, and hours worked; information concerning the Inside Sales department; Peloton's policies, plans, and procedures relevant to Mr. Mateer's and Mr. Branchcomb's employment, and/or termination therefrom. |
| **Jason Kim** (Peloton, Showroom Manager) | c/o Harris Mufson, Esq. Gibson, Dunn & Crutcher LLP 200 Park Avenue, 48th Floor New York, NY 10166 Tel: 212-351-4000 HMufson@gibsondunn.com | Terms and conditions of Ms. Johnson's employment, including duties, responsibilities, compensation, and hours worked; information concerning the King of Prussia Showroom; Peloton's policies, plans, and procedures relevant to Ms. Johnson's employment, and/or termination therefrom. |

*A*

| Individual | Contact Information (If Known) | Subject(s) |
|---|---|---|
| **Ethan Blitstein** (Peloton, Senior Analyst, ERP / Finance Transformation) | c/o Harris Mufson, Esq. Gibson, Dunn & Crutcher LLP 200 Park Avenue, 48th Floor New York, NY 10166 Tel: 212-351-4000 HMufson@gibsondunn.com | Information concerning Plaintiffs' compensation, including commissions; Peloton's policies, plans, and procedures relevant to Plaintiffs' employment. |

**B.** **A copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.**

Based on presently available information, Defendant identifies the following categories of documents and reasonably accessible electronically stored information ("ESI") in its possession, custody, or control that it may use to refute Plaintiffs' allegations and/or support its defenses.

This disclosure is made based on the allegations in the First Amended Complaint and information currently available, and Defendant reserves the right to supplement this disclosure or offer other or additional documents at trial or at other stages of this action. This disclosure does not waive any privileges, protections, or immunities that may apply to documents within the following categories, and Defendant expressly reserves any objections it may have regarding the discoverability, relevance, or admissibility of, or proper weight to be accorded to, any of these documents or the information contained therein. Defendant makes these disclosures without waiving any applicable privileges, including, but not limited to, the attorney-client privilege and attorney work product doctrine, and reserves the right to seek a protective order to govern the production of any confidential or sensitive information.

5

Subject to the foregoing, Defendant identifies the following categories of documents and ESI that it may use to support its claims or defenses in this action and that are in Defendant's possession, custody, or control:

- Peloton's retail concept, business, and industry classification.
- Peloton's timekeeping policies and procedures relevant to Plaintiffs' employment.
- Peloton's commission plan(s) in effect and/or relevant to Plaintiffs' employment.
- Plaintiffs' time records.
- Plaintiffs' compensation records.

Defendant incorporates by reference and reserves the right to rely on any documents disclosed by any party in this action.

Discovery is continuing. In connection with responding to discovery requests and consistent with any discovery plan formulated by the parties, Defendant will produce documents and ESI in the foregoing categories as discovery proceeds in this case.

\*\*\*

## CERTIFICATE OF SERVICE

I hereby certify that on May 23, 2022, I caused the foregoing document to be served upon the following counsel of record by electronic service:

\*\*\*

*Mateer, et al. v. Peloton Interactive, Inc.*
U.S. Dist. Ct. S.D.N.Y.
Case No. 1:22-cv-00740-LGS-GWG
APPENDIX A

### Excerpts from Plaintiffs' Interrogatories and Defendant's Responses

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| JOSEPH D. MATEER, CHRISTOPHER BRANCHCOMB, and KATHARINE JOHNSON, *On behalf of themselves and all others similarly situated,* | ) ) ) ) ) ) ) | CASE NO. 1:22-cv-00740 JUDGE LORNA G. SCHOFIELD |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| PELOTON INTERACTIVE, INC. | ) ) ) | |
| Defendant. | ) ) ) | |

**DEFENDANT'S RESPONSES AND OBJECTIONS
TO PLAINTIFFS' SECOND SET OF INTERROGATORIES**

**SPECIFIC OBJECTIONS AND RESPONSES**[1]

**INTERROGATORY NO. 1:**

Identify and describe each of Defendant's Affirmative Defenses to the allegations in the First Amended Complaint.

## RESPONSE TO INTERROGATORY NO. 1:

Defendant restates and incorporates its General Objections as though fully set forth in this Response. Defendant objects to this Interrogatory to the extent that it seeks a legal conclusion and/or information protected by the attorney-client privilege, the work-product doctrine, the joint-defense or common-interest privilege, or any other applicable privilege, doctrine, or immunity. Defendant further objects on the ground that this Interrogatory is premature; Defendant will assert its affirmative defenses in accordance with the schedule set by this Court, the Local Rules, and the Federal Rules. Defendant also objects to this Interrogatory to the extent that it seeks information beyond the "presumptive[] limits" of Local Rule 33.3(a), which limits the scope of interrogatories "to requests for witness names, computation of damages, and the location, custodian and general nature of pertinent documents." *Kunstler v. City of New York*, 2006 WL 2516625, at *5 (S.D.N.Y. Aug. 29, 2006).

Dated: July 5, 2022

GIBSON, DUNN & CRUTCHER LLP

By:  /s/ *Harris M. Mufson*
 Harris M. Mufson
 Danielle J. Moss
 Hayley Fritchie
 Stephanie L. Silvano

 200 Park Avenue
 New York, New York 10166
 Telephone: 212-351-4000
 Facsimile: 212-817-9505
 hmufson@gibsondunn.com
 dmoss@gibsondunn.com
 hfritchie@gibsondunn.com
 ssilvano@gibsondunn.com

 *Attorneys for Defendant Peloton Interactive, Inc.*

\*\*\*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| JOSEPH D. MATEER, CHRISTOPHER BRANCHCOMB, and KATHARINE JOHNSON, *On behalf of themselves and all others similarly situated,* | ) ) ) ) ) ) | CASE NO. 1:22-cv-00740 JUDGE LORNA G. SCHOFIELD |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | |
| PELOTON INTERACTIVE, INC. | ) ) ) | |
| Defendant. | ) ) | |

**DEFENDANT'S RESPONSES AND OBJECTIONS TO
PLAINTIFFS' THIRD SET OF INTERROGATORIES**

**SPECIFIC OBJECTIONS AND RESPONSES**

Subject to the foregoing General Objections, which are incorporated by reference into each response below, and the specific objections set forth below, and without waiving any objections that may be interposed in the future, Defendant responds to the Interrogatories as follows:

**INTERROGATORY NO. 1:**

Identify the name, address, and telephone number of any person who participated in any way, other than in a clerical capacity, in preparing the answers to these interrogatories and, if multiple such persons were so involved, a description of the information each such person provided.

**RESPONSE TO INTERROGATORY NO. 1:**

Defendant restates and incorporates its General Objections as though fully set forth in this Response. Defendant objects to this Interrogatory to the extent it seeks documents beyond the named Plaintiffs' individual claims prior to the close of any FLSA opt-in period and the certification of any putative class. Defendant further objects to this Interrogatory on the grounds that it imposes a burden disproportionate to the needs of this case and calls for information that is not relevant to any claim or defense in this action. Defendant further objects to this Interrogatory on the ground that it exceeds the maximum allowable number of interrogatories under Federal Rule of Civil Procedure 33(a)(1), which permits parties to serve only twenty-five interrogatories, including subparts. Finally, Defendant objects to this Interrogatory insofar as it seeks information that is protected from disclosure pursuant to attorney-client privilege and the work product doctrine, or any other privilege or immunity. By providing the response below Defendant does not waive—and expressly maintains—any and all privileges, including but not limited to the attorney-client privilege and the work product doctrine.

Subject to and without waiving the foregoing General and Specific Objections, Defendant identifies the following persons who have knowledge related to the information provided in these responses. Defendant reserves the right to supplement and amend this response.

| Name | Address /Telephone Number | Description |
|---|---|---|
| **Israel Varela** (Peloton, Sr. Director of Inside Sales) | c/o Harris Mufson, Esq. Gibson, Dunn & Crutcher LLP 200 Park Avenue, 48th Floor New York, NY 10166 Tel: 212-351-4000 HMufson@gibsondunn.com | Mr. Mateer's and Mr. Branchcomb's employment, including duties, responsibilities, compensation, and hours worked; information concerning the Inside Sales department; Peloton's policies, plans, and procedures relevant to Mr. Mateer's and Mr. Branchcomb's employment, and/or termination therefrom. |

11

| Name | Address /Telephone Number | Description |
|---|---|---|
| **Jason Kim** (Peloton, Showroom Manager) | c/o Harris Mufson, Esq. Gibson, Dunn & Crutcher LLP 200 Park Avenue, 48th Floor New York, NY 10166 Tel: 212-351-4000 HMufson@gibsondunn.com | Terms and conditions of Ms. Johnson's employment, including duties, responsibilities, compensation, and hours worked; information concerning the King of Prussia Showroom; Peloton's policies, plans, and procedures relevant to Ms. Johnson's employment, and/or termination therefrom. |
| **Ethan Blitstein** (Peloton, Senior Analyst, Finance Transformation) | c/o Harris Mufson, Esq. Gibson, Dunn & Crutcher LLP 200 Park Avenue, 48th Floor New York, NY 10166 Tel: 212-351-4000 HMufson@gibsondunn.com | Information concerning Plaintiffs' compensation, including commissions; Peloton's policies, plans, and procedures relevant to Plaintiffs' employment. |
| **Dolores Arico** (Peloton, Sr. Director of Retail Operations) | c/o Harris Mufson, Esq. Gibson, Dunn & Crutcher LLP 200 Park Avenue, 48th Floor New York, NY 10166 Tel: 212-351-4000 HMufson@gibsondunn.com | Terms and conditions of Ms. Johnson's employment, including duties, responsibilities, and compensation; information concerning the Retail Operations department; Peloton's policies, plans, and procedures relevant to Mr. Johnson's employment, and/or termination therefrom. |
| **Bryan Bofill** (Peloton, Sales Operations & Enablement) | c/o Harris Mufson, Esq. Gibson, Dunn & Crutcher LLP 200 Park Avenue, 48th Floor New York, NY 10166 Tel: 212-351-4000 HMufson@gibsondunn.com | Information concerning the Inside Sales department; and information concerning systems, applications, data and tools used by sales employees. |
| **Carlos Frias** (Peloton, Sales Operations & Enablement) | c/o Harris Mufson, Esq. Gibson, Dunn & Crutcher LLP 200 Park Avenue, 48th Floor New York, NY 10166 Tel: 212-351-4000 HMufson@gibsondunn.com | Information concerning systems, applications, data and tools used by sales employees. |
| **Cole Wurmstich** (Peloton, Senior People Business Partner) | c/o Harris Mufson, Esq. Gibson, Dunn & Crutcher LLP 200 Park Avenue, 48th Floor New York, NY 10166 Tel: 212-351-4000 | Terms and conditions of the named Plaintiffs' employment, including duties, responsibilities, and compensation; Peloton's policies, plans, and procedures relevant to |

12

*Mateer, et al. v. Peloton Interactive, Inc.*
U.S. Dist. Ct. S.D.N.Y.
Case No. 1:22-cv-00740-LGS-GWG
APPENDIX A

| Name | Address /Telephone Number | Description |
|------|---------------------------|-------------|
|      | HMufson@gibsondunn.com | the named Plaintiffs' employment, and/or termination therefrom. |

### INTERROGATORY NO. 4:

Identify and state with specificity and in detail the terms of all agreements or understandings between Defendant and Plaintiffs, members of the FLSA Collective, members of the New York Wage and Hour Class, and members of the Pennsylvania Wage and Hour Class regarding the basis of their compensation, and describe the records and Documents upon which Defendant relies in responding to this Interrogatory.

### RESPONSE TO INTERROGATORY NO. 4:

Defendant restates and incorporates its General Objections as though fully set forth in this Response. Defendant objects to this Interrogatory to the extent it seeks documents beyond the named Plaintiffs' individual claims prior to the close of any FLSA opt-in period and the certification of any putative class. Defendant further objects to this Interrogatory on the ground that it seeks information exceeding the limitations set by Local Rule 33.3(a), which expressly restricts interrogatories served at the outset of discovery "to those seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents." *See, e.g.*, *Spectrum Dynamics Med. Ltd. v. Gen. Elec. Co.*, 2021 WL

16

1660684, at *1 (S.D.N.Y. Apr. 28, 2021); *Rouviere v. DePuy Orthopaedics, Inc.*, 2020 WL

1080775, at *2 (S.D.N.Y. Mar. 7, 2020); *Kunstler v. City of New York*, 2006 WL 2516625, at *5

(S.D.N.Y. Aug. 29, 2006). Defendant further objects to this Interrogatory on the ground that it

exceeds the maximum allowable number of interrogatories under Federal Rule of Civil

Procedure 33(a)(1), which permits parties to serve only twenty-five interrogatories, including

subparts. Defendant further objects to this Interrogatory on the grounds that it imposes a burden

disproportionate to the needs of this case and calls for information that is not relevant to any

claim or defense in this action. Defendant further objects to this Interrogatory to the extent that it

seeks confidential and sensitive personnel information about non-Plaintiffs. Defendant further

objects to this Interrogatory as vague and ambiguous, specifically with respect to the phrase "the

basis of their compensation" which is undefined and ambiguous. Defendant further objects to

this Interrogatory on the ground that it is compound. Defendant further objects to this

Interrogatory on the ground and to the extent that it is duplicative and seeks information better

obtained through other, less burdensome means of discovery, including but not limited to the

Requests for the Production of Documents Plaintiffs have already served in this action, such as

Request Nos. 4, 7, and 10.

Subject to and without waiving the foregoing General and Specific Objections, Defendant

responds that pursuant to Federal Rule of Civil Procedure 33(d), information responsive to this

Interrogatory may be determined by examining Defendant's previous document productions,

specifically Bates Nos. PTON000001 through PTON000064 regarding Plaintiff Johnson, and

forthcoming document productions, which will include employment-related agreements between

Defendant and Plaintiffs Mateer and/or Branchcomb. Defendant is willing to meet and confer

with Plaintiffs regarding what, if any, additional information can be provided in response to this

Interrogatory within the scope of the Applicable Rules.

**INTERROGATORY NO. 5:**

Based on the foregoing General and Specific Objections, Defendant responds that

Plaintiffs Mateer, Johnson, and Branchcomb were exempt employees during their employment

with Defendant under applicable federal and state laws, including, without limitation, the retail

sales exemption and/or the highly compensated exemption.  Defendant reserves the right to

amend or supplement this response at or before the close of fact discovery.

Dated:  July 25, 2022          GIBSON, DUNN & CRUTCHER LLP
         New York, New York

                               By:   */s/ Harris M. Mufson*
                                     Harris M. Mufson
                                     Danielle J. Moss
                                     Hayley Fritchie
                                     Stephanie L. Silvano

                                     200 Park Avenue
                                     New York, NY 10166-0193
                                     Telephone: 212.351.4000
                                     HMufson@gibsondunn.com
                                     DMoss@gibsondunn.com
                                     HFritchie@gibsondunn.com
                                     SSilvano@gibsondunn.com

                               *Attorneys for Defendant Peloton Interactive, Inc.*

\*\*\*

*Mateer, et al. v. Peloton Interactive, Inc.*
U.S. Dist. Ct. S.D.N.Y.
Case No. 1:22-cv-00740-LGS-GWG
APPENDIX A

### Excerpts from Plaintiffs' Requests
### for Production of Documents and Defendant's Responses

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| JOSEPH D. MATEER, | ) | CASE NO. 1:22-cv-00740 |
| CHRISTOPHER BRANCHCOMB, | ) | |
| and KATHARINE JOHNSON, | ) | JUDGE LORNA G. SCHOFIELD |
| *On behalf of themselves and all* | ) | |
| *others similarly situated,* | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PELOTON INTERACTIVE, INC. | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S RESPONSES AND OBJECTIONS TO
PLAINTIFFS' REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure (the "Federal Rules"), and Rule 26 of the Local Civil Rules of the United District Court for the Southern District of New York (the "Local Rules"), Defendant Peloton Interactive, Inc. ("Peloton" or "Defendant"), by and through its counsel of record, hereby respond and object to Plaintiffs' Requests for Production of Documents (the "Requests") to Defendant as follows:

**REQUEST FOR PRODUCTION NO. 2:**

Produce Documents and ESI that consist of or describe any policy or practice in effect during any part of the past six years regarding the retention, storage, backing-up, purging, or destruction of records, computer files, e-mails, or other documents or ESI.

37

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Defendant restates and incorporates its General Objections and Objections to Definitions and Instructions as though fully set forth in this Response. Defendant objects to this Request to the extent it seeks documents beyond the named Plaintiffs' individual claims. Defendant further objects to this Request on the grounds that it is compound, overbroad, unduly burdensome, and vague and ambiguous. Defendant further objects to this Request to the extent that it seeks documents that are neither relevant to the claims or defenses in the action nor proportional to the needs of the case, particularly insofar as it seeks policies and procedures governing the retention of documents not relevant to this Action. Defendant also objects to this Request to the extent it seeks Privileged Information.

Subject to and without waiving any objections, Defendant will produce copies of Defendant's relevant document retention policies in place during the Relevant Period, to the extent such documents exist and are located after a reasonable search of sources reasonably likely to have responsive information.

**REQUEST FOR PRODUCTION NO. 4:**

Produce any and all documents and ESI known or believed to contain facts or information relating to the claims or allegations set forth in the First Amended Complaint and/or the Answer filed in this case.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Defendant restates and incorporates its General Objections and Objections to Definitions and Instructions as though fully set forth in this Response. Defendant objects to this Request to the extent it seeks documents beyond the named Plaintiffs' individual claims. Defendant further objects to this Request on the grounds that it is overbroad, unduly burdensome, and vague and ambiguous, particularly insofar as it seeks "any and all documents and ESI." Defendant objects to this request to the extent it seeks the production of ESI prior to an agreement between the parties on an ESI Protocol. Defendant further objects to this Request to the extent that it seeks confidential and sensitive personnel information about non-Plaintiffs. Defendant also objects to this Request to the extent that it purports to call for the production of documents or information as to which Defendant owes a duty of confidentiality or nondisclosure to a third party. Defendant further objects to this Request as duplicative of other discovery, including information requested in Request No. 71. Defendant also objects to this Request to the extent it seeks Privileged Information. Finally, Defendant objects to this Request on the basis that some of the information requested is already in the possession, custody, or control of Plaintiffs.

39

Subject to and without waiving any objections, Defendant will produce copies of the

following documents, to the extent such documents exist and are located after a reasonable

search of sources reasonably likely to have responsive information:

- records sufficient to show the compensation and work schedules of the named Plaintiffs during their employment with Defendant, including any pay statements, time sheets, and W-2s;

- commission plan agreements and commission records of the named Plaintiffs during their employment with Defendant,

- the personnel files of the named Plaintiffs, including any offer letters and employment agreements;

- documents sufficient to show the job descriptions and Short Term Incentive Compensation Plans for certain roles during the time period that the named Plaintiffs were employed by Defendant, pursuant to its responses and objections to Request Nos. 29 and 33; and

- Defendant's Employee Handbook and attendance and time-keeping policies applicable to the named Plaintiffs during their employment.

Based on the foregoing objections, Defendant intends to withhold certain responsive, non-

privileged documents.

**REQUEST FOR PRODUCTION NO. 5:**

---

**REQUEST FOR PRODUCTION NO. 29:**

Produce the People Team Records.

59

---

50.     The term "People Team Records" means any and all Documents created, reviewed,

and/or relied on by members of Defendant's People Team and/or any staff employed to

support the People Team concerning the Payroll Records, Payroll Audits, ADP Records,

and/or the Litigation, during the Applicable Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Defendant restates and incorporates its General Objections and Objections to Definitions and Instructions as though fully set forth in this Response. Defendant objects to this Request to the extent it seeks documents beyond the named Plaintiffs' individual claims. Defendant further objects to this Request on the grounds that it is compound, overbroad, unduly burdensome, and vague and ambiguous. Defendant also objects to this Request to the extent that it seeks documents that are neither relevant to the claims or defenses in the action nor proportional to the needs of the case. Defendant further objects to this Request on the ground that it calls for information that is proprietary, a trade secret, or otherwise confidential. Defendant also objects to this Request to the extent that it seeks confidential and sensitive personnel information about non-Plaintiffs. Defendant further objects to this Request as duplicative of other discovery, including information requested in Request Nos. 5, 6, 8, 11, 13, 14, 16, 17, 25, and 28. Also, Defendant objects to this definition to the extent that it seeks documents that are already in the possession of Plaintiffs, or are in the possession, custody, or control of third parties over whom Defendant does not exercise control.

Based on the foregoing objections, Defendant will not produce documents in response to this Request at this time.

**REQUEST FOR PRODUCTION NO. 59:**

Produce the People Team Document Management Records.

80

97.    The term "People Team Document Management Records" means Documents concerning
the policies, practices, and guidelines concerning the management of employee records of
the FLSA Collective Members, New York Wage and Hour Class Members, and the
Pennsylvania Wage and Hour Class members, during the Applicable Period.

18

**RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

Defendant restates and incorporates its General Objections and Objections to Definitions
and Instructions as though fully set forth in this Response.  Defendant objects to this Request to
the extent it seeks documents beyond the named Plaintiffs' individual claims.  Defendant further
objects to this Request as duplicative of other discovery, including information requested in
Request Nos. 18, 22, and 26.

Based on the foregoing objections, Defendant will not produce documents in response to
this Request at this time.

**REQUEST FOR PRODUCTION NO. 67:**

Produce the Johnson Documents.

105.     The term "Johnson Documents" means any Documents concerning Plaintiff Katharine

Johnson during the Applicable Period showing: (a) all positions held and jobs worked

during Plaintiff's employment with Defendant and inclusive dates thereof; (b) the

complete wage history of Plaintiff, including every hourly or salary rate of pay and

inclusive dates thereof; (c) Plaintiff's total gross wages for each workweek and/or pay

period, including overtime compensation, commissions, and bonuses; (d) the number of

workweeks Plaintiff worked; and, (e) the actual hours Plaintiff worked each day and each

workweek; (f) payroll records, including timesheets and work schedules; (g) disciplinary

files, including write-ups, violations, notices, warnings, and appeals; (h) personnel files;

and (i) performance evaluations or appraisals.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 67**:

Defendant restates and incorporates its General Objections and Objections to Definitions and Instructions as though fully set forth in this Response. Defendant objects to this Request on the grounds that it is compound, overbroad, unduly burdensome, and vague and ambiguous, particularly insofar as it uses the undefined terms "actual hours," "work schedules," "disciplinary files," and "write-ups." Defendant further objects to this request to the extent it seeks the production of ESI prior to an agreement between the parties on an ESI Protocol. Defendant also objects to this Request to the extent that it seeks documents that are neither relevant to the claims or defenses in the action nor proportional to the needs of the case. Defendant further objects to this Request as duplicative of other discovery. Defendant also objects to this Request to the extent it seeks Privileged Information. Finally, Defendant objects to this definition to the extent that it seeks documents that are already in the possession of Plaintiffs.

Subject to and without waiving any objections, Defendant will produce a copy of Plaintiff Johnson's personnel file, as well as any records sufficient to show the work schedules and compensation of Plaintiff Johnson during her employment with Defendant, including any pay statements, time sheets, and W-2s, and Plaintiff Johnson's commission plan agreements and commission records, to the extent such documents exist and are located after a reasonable search of sources reasonably likely to have responsive information.

**REQUEST FOR PRODUCTION NO. 69**:

Produce the Preserved Documents.

108.   The term "Preserved Documents" means any and all Documents Preserved concerning the Litigation, including but not limited to any litigation hold notices and/or Documents constituting directions or instructions to Preserve any such Documents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 69:**

Defendant restates and incorporates its General Objections and Objections to Definitions and Instructions as though fully set forth in this Response.  Defendant objects to this Request to the extent it seeks documents beyond the named Plaintiffs' individual claims.  Defendant further objects to this Request on the grounds that it is compound, overbroad, unduly burdensome, and vague and ambiguous.  Defendant also objects to this Request to the extent that it seeks documents that are neither relevant to the claims or defenses in the action nor proportional to the needs of the case.  Defendant further objects to this Request to the extent it seeks Privileged Information.  Defendant also objects to this Request to the extent that it purports to impose

88

obligations that are inconsistent with, or broader in scope than, those contemplated by Section II.A of Judge Schofield's Individual Rules and Practices for Civil Cases or any Applicable Rules.

Based on the foregoing objections, Defendant will not produce documents in response to this Request at this time.

**REQUEST FOR PRODUCTION NO. 70:**

Produce the Interrogatory Documents.

110.  The term "Interrogatory Documents" means any and all Documents that were referenced in Defendant's answers to Named Plaintiffs' interrogatories, or that were reviewed by Defendant in connection with Defendant's answering Named Plaintiffs' interrogatories.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**

Defendant restates and incorporates its General Objections and Objections to Definitions and Instructions as though fully set forth in this Response. Defendant objects to this Request to the extent it seeks documents beyond the named Plaintiffs' individual claims. Defendant objects to this Request on the grounds that it is overbroad and unduly burdensome, particularly insofar as it seeks "all Documents." Defendant also objects to this Request to the extent that it seeks confidential and sensitive personnel information about non-Plaintiffs. Defendant further objects to this Request as duplicative of other discovery, including information requested in Request Nos. 1. Defendant also objects to this Request to the extent that it purports to impose obligations that are inconsistent with, or broader in scope than, those contemplated by the Applicable Rules.

Subject to and without waiving any objections, Defendant will produce responsive, non-privileged documents referred to or relied upon in preparing its answers to any Interrogatories in this Action, to the extent such documents exist and are located after a reasonable search of sources reasonably likely to have responsive information.

**REQUEST FOR PRODUCTION NO. 71:**

Produce the Answer Documents.

111. The term "Answer Documents" means any and all Documents that support or otherwise relate to the denials set forth in Defendant's Answer and any and all Affirmative Defenses in this action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 71:**

Defendant restates and incorporates its General Objections and Objections to Definitions and Instructions as though fully set forth in this Response.  Defendant objects to this Request on the grounds that it is premature because Defendant has not filed an Answer in this action. Defendant further objects to this Request to the extent it seeks documents beyond the named Plaintiffs' individual claims.  Defendant objects to this Request on the grounds that it is overbroad and unduly burdensome, particularly insofar as it seeks "all Documents."  Defendant also objects to this Request to the extent that it seeks confidential and sensitive personnel information about non-Plaintiffs.  Defendant further objects to this Request as duplicative of other discovery.  Defendant further objects to this Request to the extent that it demands the production of documents beyond those required by the Applicable Rules and/or any pretrial order entered in the future in this case.  Finally, Defendant further objects to this Request on the ground that it is premature.

Based on the foregoing objections, Defendant will not produce documents in response to this Request at this time.

**REQUEST FOR PRODUCTION NO. 73:**

Produce the Claims or Defenses Documents.

113.  The term "Claims or Defenses Documents" means any and all Documents that relate or concern in any way, to any of the claims or defenses in the instant action, including but not limited to the following:

a.    Written statements or affidavits of parties, witnesses, consultants, or experts;

b.    Notes of interviews with parties, witnesses, consultants, or experts;

c.  Tape recordings of any and all oral statements and/or interviews of parties, witnesses, consultants, or experts;

d.  Transcriptions of any tape recordings of any and all oral statements and/or interviews of parties, witnesses, consultants, or experts;

e.  Reports regarding the results of any and all investigations;

f.  Correspondence received from or sent to Named Plaintiffs and/or FLSA Collective Members, New York Wage and Hour Class Members, Pennsylvania Wage and Hour Class Members, the New York WTPA Class Members;

g.  Correspondence received from or sent to Defendant;

h.  Correspondence received from or sent to any person other than Defendant's counsel;

i.  Surveillance of Named Plaintiffs and/or FLSA Collective Members, New York Wage and Hour Class Members, Pennsylvania by any person;

j.  Background checks conducted as to Named Plaintiff and FLSA Collective Members, New York Wage and Hour Class Members, Pennsylvania Wage and Hour Class Members by any person;

k.  Documents relating to or evidencing discussions between Named Plaintiffs and Defendant;

l.  Documents relating to or evidencing discussions between Defendant and any person other than Defendant's counsel;

m.  Documents received from or sent to any person other than Defendant's counsel;

n.  Any Document concerning any instruction concerning Defendant's Employees pertaining to communications with Plaintiffs' Counsel.

*Mateer, et al. v. Peloton Interactive, Inc.*
U.S. Dist. Ct. S.D.N.Y.
Case No. 1:22-cv-00740-LGS-GWG
APPENDIX A

**RESPONSE TO REQUEST FOR PRODUCTION NO. 73:**

Defendant restates and incorporates its General Objections and Objections to Definitions and Instructions as though fully set forth in this Response. Defendant objects to this Request to the extent it seeks documents beyond the named Plaintiffs' individual claims. Defendant further objects to this Request on the grounds that it is compound, overbroad, unduly burdensome, and vague and ambiguous. Defendant also objects to this Request to the extent that it seeks documents that are neither relevant to the claims or defenses in the action nor proportional to the needs of the case. Defendant further objects to this Request as duplicative of other discovery. Finally, Defendant objects to this Request to the extent it seeks Privileged Information.

Based on the foregoing objections, Defendant will not produce documents in response to this Request at this time.

Dated: July 11, 2022

GIBSON, DUNN & CRUTCHER LLP

By:   */s/ Harris M. Mufson*
Harris M. Mufson
Danielle J. Moss
Hayley Fritchie
Stephanie L. Silvano

200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
HMufson@gibsondunn.com
DMoss@gibsondunn.com
HFritchie@gibsondunn.com
SSilvano@gibsondunn.com

*Attorneys for Defendant Peloton Interactive, Inc.*

Case 1:22-cv-00740-LGS-GWG   Document 143-2   Filed 10/24/22   Page 29 of 36

*Mateer, et al. v. Peloton Interactive, Inc.*
U.S. Dist. Ct. S.D.N.Y.
Case No. 1:22-cv-00740-LGS-GWG
APPENDIX A

## Excerpts from Discovery Correspondence July 18, 2022

---

Mateer, et al. v. Peloton Interactive, Inc./Deficiencies in Responses and Document Production on July 11

**EXHIBIT A**

From:  J.R. Howell, Esq. (jrhowell@jrhlegalstrategies.com)

To:  hfritchie@gibsondunn.com; ssilvano@gibsondunn.com; hmufson@gibsondunn.com; dmoss@gibsondunn.com

Cc:  jbristol@crklaw.com

Date:  Monday, July 18, 2022, 08:30 PM EDT

Counsel:

We write to address deficiencies related to Defendant's Responses and Objections to Plaintiffs' Request for Documents served on July 11 for discussion at our teleconference on July19.

---

### J.  *The Affirmative Defenses Objections.*

Defendant has objected to producing documents relevant to its affirmative defenses.

To the extent that Defendant has such documents and has not disclosed them to Plaintiffs, defendant would be precluded from using them at trial by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."); *see also Feltenstein v. City of New Rochelle*, No. 14-CV-5434 (NSR), 2018 WL 3752874, at *6 (S.D.N.Y. Aug. 8, 2018) ("The fundamental purpose of Rule 37(c) is to prevent the practice of "sandbagging" an adversary with new evidence") (quoting *Haas v. Delaware and Hudson Ry. Co.*, 282 F. App'x. 84, 86 (2d Cir. 2008)).  Defendant should produce all documents relevant to its affirmative defenses immediately, or risk waiver or preclusion.

### M. *Plaintiff Johnson's Documents and Responses*

In an email from your side on this subject, dated July 15, 2022, counsel wrote that Defendant was withholding documents responsive to the Court's June 28th Order: "To the extent that any responsive plans or policies are referenced within those 64 pages of letters and agreements and are in Peloton's possession, custody, or control, they will be produced at the appropriate time subject to a so-ordered confidentiality stipulation."

The Court ordered these documents to be produced on or before June 28th. Please produce those responsive documents without delay, or we will be forced to seek immediate Court intervention.

These documents are material to the venue challenge identified in Defendant's Motion to Dismiss or, in the Alternative, Transfer Venue filed on July 15, 2022, and there has been no justification for their supposed confidential status.  In fact, it is Defendant who has put them at issue and they are therefore subject to disclosure under both the At Issue Doctrine and Fairness Doctrine discussed above.

Plaintiffs call upon Defendant to comply with the Court's Order and to produce the documents in question at once.

### N. *Revised Responses*

In light of the foregoing, Plaintiffs request that Defendant revise its Responses to comply with the applicable laws and Rules of Civil Procedure and that it produce the required responsive documents without delay.

 We look forward to our discussion on July 19 concerning the above.


Sincerely,

J.R. Howell, Esq.
202-650-8867
jrhowell@jrhlegalstrategies.com

*********************************************************************

\*\*\*

*Mateer, et al. v. Peloton Interactive, Inc.*
U.S. Dist. Ct. S.D.N.Y.
Case No. 1:22-cv-00740-LGS-GWG
APPENDIX A

## Excerpts from Discovery Correspondence September 15, 2022

THE LAW OFFICE OF

# JR HOWELL

1223 Wilshire Blvd.
P.O. Box 543
Santa Monica, CA 90403
(202) 650-8867
jrhowell@jrhlegalstrategies.com

September 15, 2022

<u>VIA ECF</u>

The Honorable Gabriel W. Gorenstein
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

**Re: *Mateer, et al. v. Peloton Interactive, Inc.* No. 1:22-cv-00740-LGS-GWG**

Dear Judge Gorenstein:

Together with my Co-Counsel, Jason Bristol, Esq., we represent Plaintiffs Joseph Mateer, Christopher Branchcomb, Katharine Johnson, and the Stipulated Collective in the above-cited matter. Per the Court's Order dated August 11, 2022, [Dkt. No. 87], Plaintiffs are submitting this Letter regarding deficiencies in Defendant's Responses and Objections to Plaintiffs' First Set of Requests for Production of Documents, set forth issue by issue, as ordered.

### Documents Relevant to the Affirmative Defenses

**Plaintiffs' Position**: Plaintiffs have sought information relevant to Defendant's affirmative defenses in Requests Numbered 4, 33, 34, 36-44, 46-60, 71-73, 75, and 80-82.   To the extent Defendant intends to advance any affirmative defenses, Plaintiffs invite Defendant to produce the evidence responsive to these requests before the end of the rolling production deadline. Plaintiffs request an Order compelling Defendant to produce records related to its Affirmative Defenses no later than September 30.

\*\*\*

*Mateer, et al. v. Peloton Interactive, Inc.*
U.S. Dist. Ct. S.D.N.Y.
Case No. 1:22-cv-00740-LGS-GWG
APPENDIX A

## Excerpts from Discovery Correspondence July 14, 2022

Mateer, et al. v. Peloton Interactive, Inc./Deficiencies Related to June 24 Court Order

From:  J.R. Howell, Esq. (jrhowell@jrhlegalstrategies.com)

To:  hfritchie@gibsondunn.com; hmufson@gibsondunn.com; ssilvano@gibsondunn.com; dmoss@gibsondunn.com

Cc:  jbristol@crklaw.com

Date:  Thursday, July 14, 2022, 09:46 AM EDT

Counsel:

Plaintiffs write to address the deficiency in Defendant's responses and production of documents pursuant to the Court's Order dated June 24, 2022 [Dkt. No. 55]. Specifically, (1) Defendant has failed to provide the response ordered by the Court; and (2) Defendant's document production is deficient.

***The Court's Order.*** On June 24th, the Court issued an Order that stated, in pertinent part:

"…[B]y June 28, 2022, Defendant shall provide a response to Plaintiffs' requests for production of documents seeking all of Defendant's agreements with Plaintiff Johnson and shall produce any such documents."

*See* Order, June 24, 2022, [Dkt. No. 55].

***Defendant's Response.*** Pursuant to the Court's Order, Defendant produced documents batesnumbered PTON000001- PTON000064. This production failed to provide an accompanying response. Additionally, a review of the documents shows deficiencies in the production, set forth below along with Plaintiffs' specific requests for curative action.

***Failure to Provide a Response.*** Defendant's production did not include the response ordered by the Court that complies with Rules 26(g) and 34(b)(2) of the Federal Rules of Civil Procedure.

Pursuant to the Federal Rules of Civil Procedure, a Response to a Request for Production of Documents must comply with the following:

"For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B).

Moreover, Defendant's document production was unaccompanied by the written response required by Rule 26(g). The failure to provide the required response left open questions pertaining to the sufficiency of Defendant's production, particularly in light of the apparent deficiencies set forth below and Defendant's decision to produce zero documents in response to Plaintiffs' Requests for Production of Documents on July 11.

While Plaintiffs have reviewed Defendant's production, without a separate response, there is no means for Plaintiffs to verify the sufficiency of said production with respect to withheld documents based on undisclosed objections, privileges, or other bases.

*Mateer, et al. v. Peloton Interactive, Inc.*
U.S. Dist. Ct. S.D.N.Y.
Case No. 1:22-cv-00740-LGS-GWG
APPENDIX A

***Production Deficiencies: Other Agreements***.  To the extent Defendant is in the possession, custody, or control of any other agreements by or between Defendant and Plaintiff Johnson, Plaintiffs request Defendant conduct a review of its records, produce the agreements in question, and to issue a response in compliance with the Court's Order and the Federal Rules of Civil Procedure.

This review includes but is not limited to signed versions of the following agreements: PTON000010, PTON000060, PTON000062, and PTON000064, and any counter-signed version of PTON000001-PTON000004.

***Conclusion.***  Plaintiffs request that (1) Defendant inform counsel when Defendant will provide the response required by the Order dated June 24th without delay; (2) to produce the documents responsive to Plaintiffs' Requests as ordered by the Court; and (3) to provide the response and production on or before July 25th to allow Plaintiffs sufficient time prior to filing their Brief in Opposition to Defendant's Motion to Dismiss for Improper Venue.

Sincerely,


J.R. Howell, Esq.

***

*Mateer, et al. v. Peloton Interactive, Inc.*
U.S. Dist. Ct. S.D.N.Y.
Case No. 1:22-cv-00740-LGS-GWG
APPENDIX A

## Excerpts from Hearing Transcript August 17, 2022

```
                        UNITED STATES DISTRICT COURT
                        SOUTHERN DISTRICT OF NEW YORK

In re:                                    :
                                                Docket #1:22-cv-00740-
  MATEER,                                 :     LGS-GWG

                        Plaintiff,        :

  - against -                             :

  PELOTON INTERACTIVE, INC.,              :     New York, New York
                                                August 17, 2022
                        Defendant.        :
                                                REMOTE DISCOVERY
------------------------------------  :         CONFERENCE

                        PROCEEDINGS BEFORE
                THE HONORABLE GABRIEL W. GORENSTEIN,
                  UNITED STATES MAGISTRATE JUDGE
```

***

```
16          MR. BRISTOL:  All right, and then I did need to
17  ask one clarifying question, as we bounce back and forth
18  between individual and class discovery.  Am I correct
19  that the defendant is going to produce responsive
20  documents on all of our claims for the individual
21  plaintiffs, meaning all four counts?  Or is it
22  defendant's position --
23          THE COURT:  The three named plaintiffs, the
24  three named plaintiffs.
25          MR. BRISTOL:  Yes, for the three named
```

*Mateer, et al. v. Peloton Interactive, Inc.*
U.S. Dist. Ct. S.D.N.Y.
Case No. 1:22-cv-00740-LGS-GWG
APPENDIX A

```
 1                    PROCEEDINGS                29
 2  plaintiffs will we be receiving responsive documents on
 3  all four counts?  I need to understand that.  And that
 4  includes, you know, policies, procedures and others that
 5  would go to things like our WTPA claims; is that the
 6  case?
 7            THE COURT:  You can answer that question.
 8            MR. MUFSON:  We have said that from the
 9  beginning, that yes, we are --
10            THE COURT:  Okay.  The answer is yes.  That's --
11            MR. MUFSON:  -- we haven't -- we -- and we've
12  produced the policies.  I mean, you have them.  We've
13  been engaging in individual discovery.  Now, we request
14  as part of our application and extension of the time
15  period to complete individual discovery, given the volume
16  of information that has been requested during that
17  period; we're not finished yet, and we need -- we, you
18  know, respectfully request some additional time to do
19  that.  And so that's part of our application, as well.
20            We also -- the only documents that, my
21  understanding, that we have not yet produced with respect
22  to individual discovery are those that we believe are
23  confidential because the parties have not yet entered
24  into a confidentiality order, which I -- we are going to
25  discuss, and I am hopeful that we'll be able to address
```

```
 1                     PROCEEDINGS              30
 2   that in relatively short order -- and then email
 3   discovery, as well, for the individual plaintiffs.  And
 4   we have to discuss about as reasonable protocol for the
 5   search and production of that email discovery.  Getting
 6   at off-the-clock work, it's not -- that's what I think is
 7   relevant to that aspect of the case.  We need more time.
 8   And then there'll be depositions.
 9             But the answer to your -- the short answer to
10   your question is yes, that we do not object to producing
11   -- there's a full and fair opportunity for you to seek
12   discovery about the named plaintiffs' claims, all of
13   them, during this period.
14             THE COURT:  Okay.  Back to you, Mr. Bristol.
15             MR. BRISTOL:  I just -- I think the Court should
16   know we read the order on confidentiality, and what we
17   did is we sent a verbatim version of the confidentiality
18   order you ordered in the Sungeon case without any
19   changes; we sent that to the defendants on Monday.  We
20   thought it should be noncontroversial, since you had
21   ordered it before.  It seemed like a very fair agreement.
22   So I'm just letting the Court know we're moving forward,
23   we're trying to move forward to get documents flowing and
24   to resolve some of these disputes.
25             THE COURT:  All right, good.  Did I give a
```

\*\*\*

**END OF APPENDIX**