UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPH D. MATEER, CHRISTOPHER BRANCHCOMB, and KATHARINE JOHNSON, *On behalf of themselves and all others similarly situated,*<br><br>Plaintiffs,<br><br>vs.<br><br>PELOTON INTERACTIVE, INC.<br><br>Defendant. | CASE NO. 1:22-cv-00740<br><br>JUDGE LORNA G. SCHOFIELD<br><br>MAGISTRATE JUDGE GABRIEL W. GORENSTEIN |

**NOTICE OF UNOPPOSED MOTION FOR**
**PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT**

For the reasons set forth in the Memorandum of Law in Support of this Joint Motion for Preliminary Approval of Settlement Agreement, the Declaration of Jason R. Bristol, Esq. ("Bristol Declaration"), and the Declaration of J.R. Howell, Esq., and supporting exhibits, the Parties respectfully request that the Court enter an Order:

1. Granting preliminary approval of the Settlement Agreement, attached as Exhibit A to the Bristol Declaration;

2. Granting certification of the Fair Labor Standards Act ("FLSA") collectives and certification of the Rule 23 New York State Settlement Class, Rule 23 Pennsylvania State Settlement Class, and the Rule 23 New York Initial Hire Notice and Wage Statement Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure for purposes of effectuating the settlement;

1

3. Appointing Cohen Rosenthal & Kramer LLP and the Law Office of J.R. Howell as class counsel;

4. Appointing Joseph Mateer, Katharine Johnson, and Christopher Branchcomb as settlement class representatives of their respective settlement classes; and

5. Approving the proposed Notices, attached as exhibit B and C to the Bristol Declaration, and directing its distribution.

A Proposed Order is attached hereto as Exhibit 1, for the Court's convenience.

Dated: July 7, 2023

Respectfully submitted,

By: /s/ *Jason R. Bristol*  
Jason R. Bristol (OH #0072989) (*pro hac vice*)  
jbristol@crklaw.com  
James B. Rosenthal (OH #0062872) (*pro hac vice*)  
jbr@crklaw.com  
COHEN ROSENTHAL & KRAMER LLP  
3208 Clinton Avenue  
Cleveland, Ohio 44113  
(216) 815-9500 (Tel.)

/s/ *J.R. Howell*  
J.R. Howell (CA #268086) (*pro hac vice*)  
jrhowell@jrhlegalstrategies.com  
LAW OFFICE OF J.R. HOWELL  
1223 Wilshire Boulevard  
P.O. Box 543  
Santa Monica, CA 90403  
Phone: (202) 650-8867

*Attorneys for Plaintiffs, the FLSA Collective, and Proposed Classes*

### CERTIFICATE OF SERVICE

On this 7th day of July 2023, a copy of the foregoing *Notice of Unopposed Motion for Preliminary Approval of Settlement Agreement* was served by ECF electronic filing on all known parties.

/s/ *Jason R. Bristol*  
Jason R. Bristol (0072989)  
Admitted *pro hac vice*

# Exhibit 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPH D. MATEER, CHRISTOPHER BRANCHCOMB, and KATHARINE JOHNSON, *On behalf of themselves and all others similarly situated,*<br><br>Plaintiffs,<br><br>vs.<br><br>PELOTON INTERACTIVE, INC.<br><br>Defendant. | CASE NO. 1:22-cv-00740<br><br>JUDGE LORNA G. SCHOFIELD<br><br>MAGISTRATE JUDGE GABRIEL W. GORENSTEIN |

**[PROPOSED] ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT**

The above-entitled matter came before the Court on Plaintiffs' Unopposed Motion for Preliminary Approval of the Settlement Agreement. After reviewing Plaintiffs' Unopposed Motion for Preliminary Approval, the supporting Memorandum of Law in Support of Plaintiffs' Unopposed Motion for Preliminary Approval of the Settlement Agreement, the Declaration of Jason R. Bristol ("Bristol Decl."), the Declaration of J.R. Howell ("Howell Decl."), and supporting exhibits, the Court hereby finds as follows:

A. On July 7, 2023, Plaintiffs Joseph D. Mateer, Katharine Johnson, and Christopher Branchcomb filed an Unopposed Motion for Preliminary Approval of the proposed Class Settlement Agreement and Release ("Settlement Agreement"), which provides for a maximum payment of $2,500,000.00.

B. In their Unopposed Motion, Plaintiffs seek class certification for settlement purposes of the following collectives and classes of Defendant's current or former employees: (1)

1

individuals (including Named Plaintiffs[1]) who filed valid Opt-In forms in this action after the Court conditionally certified an FLSA collective on July 13, 2022 (ECF No. 61) ("FLSA Opt-Ins"); (2) all former and current employees who worked for Peloton as Inside Sales Representatives ("ISRs"), and who allegedly worked more than forty hours in one or more workweeks of their employment in the state of New York, and who allegedly were not paid overtime for all hours worked at the statutorily required rate of one-and one-half times their regular rate of pay, at any time between January 27, 2016, and July 7, 2023 (the "Rule 23 New York State Settlement Class"); (3) all former and current employees who worked for Peloton as non-exempt Showroom Sales Personnel, who allegedly worked more than forty hours in one or more workweeks of their employment in the state of Pennsylvania, and who allegedly were not paid overtime for all hours worked at the statutorily required rate of one-and one-half times their regular rate of pay, at any time between January 27, 2019, and July 7, 2023 (the "Rule 23 Pennsylvania State Settlement Class"); and (4) all current and former employees who worked for Peloton in the state of New York from January 27, 2016 through December 31, 2020, excluding those current and former employees who have released claims against Peloton under the NYLL (the "Rule 23 New York Initial Hire Notice and Wage Statement Settlement Class").

    C.    The Court has considered all of the submissions presented with respect to the Settlement Agreement.

    D.    NOW THEREFORE, after due deliberation and for good cause, the Court hereby ORDERS that:

    1.    For the reasons set forth in the memorandum in support of Plaintiffs' unopposed motion, the Court finds that the requirements of Rule 23(a), and the predominance and superiority

---

[1] Capitalized terms not defined herein have the meanings ascribed in the Class Settlement Agreement and Release

2

requirements of Rule 23(b)(3) have been satisfied warranting class certification. The Court hereby preliminarily certifies the following collectives and classes for settlement purposes:

<u>FLSA ISR Collective</u>.  All FLSA Opt-Ins who filed valid Opt-In forms in the Action to join the FLSA collective conditionally certified by the Court on July 13, 2022 (ECF No. 61), consisting of former and current employees who worked for Peloton as ISRs, who allegedly worked more than forty hours in one or more workweeks of their employment, and who were not paid overtime for all hours worked at the statutorily required rate of one and one-half times their regular rate of pay, at any time between January 27, 2019, and July 12, 2022.  *See* Bristol Decl., Ex. A ¶ 1.10.

<u>FLSA Showroom Sales Personnel Collective</u>.  All FLSA Opt-Ins who filed valid Opt-In forms in the Action after the Court conditionally certified an FLSA collective on July 13, 2022 (ECF No. 61) to opt into the collective of former and current employees who worked for Peloton as Showroom Sales Personnel, who allegedly worked more than forty hours in one or more workweeks of their employment, and who allegedly were not paid overtime for all hours worked at the statutorily required rate of one and one-half times their regular rate of pay, at any time between January 27, 2019, and July 12, 2022. *See* Bristol Decl., Ex. A ¶ 1.11.

<u>Rule 23 New York State Settlement Class</u>: All former and current employees who worked for Peloton as ISRs, and who allegedly worked more than forty hours in one or more workweeks of their employment in the state of New York, and who allegedly were not paid overtime for all hours worked at the statutorily required rate of one-and one-half times their regular rate of pay, at any time between January 27, 2016, and July 7, 2023.

<u>Rule 23 Pennsylvania State Settlement Class</u>: All former and current employees who worked for Peloton as non-exempt Showroom Sales Personnel, who allegedly worked more than forty hours in one or more workweeks of their employment in the state of Pennsylvania, and who allegedly were not paid overtime for all hours worked at the statutorily required rate of one-and one-half times their regular rate of pay, at any time between January 27, 2019, and July 7, 2023.

<u>Rule 23 New York Initial Hire Notice and Wage Statement Settlement Class</u>: All current and former employees who worked for Peloton in the state of New York from January 27, 2016 through December 31, 2020, excluding those current and former employees who have released claims against Peloton under the NYLL.

2. The Court finds that the Settlement Agreement is fair, reasonable, and adequate and should be preliminarily approved. The settlement will ensure the prompt payment to the FLSA Opt-Ins and Class Members and avoid the risks and expense of continued litigation.

3. The Court has reviewed the terms and conditions of the Settlement Agreement, including the provisions for monetary relief, the plan of allocation, and the release of claims. Based

3

on its review of the Settlement Agreement, the Memorandum of Law, and the Court's familiarity with this case, the Court finds that the Settlement Agreement is the result of extensive, arm's-length negotiations between the Parties after Class Counsel and Defendant's Counsel had fully investigated the claims and become familiar with the strengths and weaknesses of the claims. The assistance of a neutral mediator supports the Court's finding that the settlement is not collusive. Based on all of these factors, the Court finds that the Settlement Agreement has no obvious defects and falls within the range of possible settlement approval such that notice to the collectives and classes set forth in the Settlement Agreement is appropriate.

4. The Court approves Cohen Rosenthal & Kramer LLP and the Law Office of J.R. Howell as Class Counsel.

5. The Court approves Joseph D. Mateer, Katharine Johnson, and Christopher Branchcomb as settlement collective and class representatives.

6. The Court approves Simpluris, Inc. as the Settlement Administrator.

7. The proposed Notices, attached as Exhibits B and C to the Bristol Declaration, fully and accurately inform the FLSA Opt-Ins and Class Members of all material elements of the action and the proposed Settlement.

8. The Court finds that the Settlement Agreement satisfies all the requirements for certification under Rules 23(a) and 23(b)(3). Specifically, the collectives and classes are sufficiently numerous that joinder is impracticable. For settlement purposes, the members of the collectives and classes share common issues of fact and law, including whether Defendant failed to pay them overtime wages or whether Defendant failed to provide information required by the New York Wage Theft Protection Act. Plaintiffs have claims that are typical of those of the FLSA Opt-Ins and Class Members since they arise out of the same alleged unlawful practices. Plaintiffs

are adequate representatives of the collectives and classes because their interests are co-extensive with the interests of the FLSA Opt-Ins and Class Members and are not in conflict with them. Plaintiffs have also retained experienced counsel to represent the collectives and classes. For settlement purposes, the questions of law and fact common to the collectives and classes predominate over individualized issues, and class action treatment is a superior way to fairly and efficiently adjudicate this controversy.

9. The Parties propose to issue the Notices to the collectives and classes by first-class mail to the last known address of each FLSA Opt-In and Class Member, and via email to the last known email address of each FLSA Opt-In and Class Member. Notices that are returned as undeliverable will be re-mailed using available address databases. In addition, each Class Member will be able to review the Notice on a website to be established by the Settlement Administrator and to ask questions via a toll-free telephone number. The Court finds that the method of disseminating the Notices, as provided in the Settlement Agreement, is the best notice practicable under the circumstances and fully meets the requirements of federal law.

10. Based on the foregoing, the proposed Notices, attached as Exhibits B and C to the Bristol Declaration, are hereby approved by the Court.

11. Within 20 calendar days of the filing of this Order, in accordance with ¶ 4.2(a) of the Settlement Agreement, Defendant will provide the information described in ¶ 4.2(a) of the Settlement Agreement to Class Counsel and the Settlement Administrator.

12. Within 14 calendar days of receipt of the Class Lists referred to in ¶ 4.2(a) of the Settlement Agreement, the Settlement Administrator will mail the Notices to all Class Members and FLSA Opt-ins via first class mail and via email.

13. Each Class Member will have 30 days from the mailing of the Notice to object to the settlement or opt out of the settlement.

14. The Court will conduct a fairness hearing on _____, 2023, at \_\_ [a.m./p.m.] to address: (a) whether the proposed settlement should be finally approved as fair, reasonable, and adequate; (b) Class Counsel's application for attorneys' fees and costs; and (c) Plaintiffs' application for service payments.

15. The Court finds, pursuant to Fed. R. Civ. P. 54(b), that there is no just reason for delay, and directs the Clerk to enter this Order.

Dated this \_\_\_\_\_ day of _____, 2023

                                                      SO ORDERED:

                                                      _____
                                                      Hon. Lorna G. Schofield
                                                      United States District Judge