UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPH D. MATEER, CHRISTOPHER BRANCHCOMB, and KATHARINE JOHNSON, *On behalf of themselves and all others similarly situated,*<br><br>Plaintiffs,<br><br>vs.<br><br>PELOTON INTERACTIVE, INC.<br><br>Defendant. | CASE NO. 1:22-cv-00740<br><br>JUDGE LORNA G. SCHOFIELD<br><br>MAGISTRATE JUDGE GABRIEL W. GORENSTEIN |

**DECLARATION OF J.R. HOWELL IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR CERTIFICATION OF SETTLEMENT CLASSES, PRELIMINARY APPROVAL OF SETTLEMENT, APPOINTMENT OF PLAINTIFFS' COUNSEL AS CLASS COUNSEL, APPROVAL OF THE PROPOSED NOTICES OF SETTLEMENT AND CLASS ACTION SETTLEMENT PROCEDURE**

I, J.R. Howell, pursuant to 28 U.S.C. § 1746, hereby declare, under penalty of perjury, that the following is true and correct to the best of my personal knowledge, information, and belief:

1. My name is J.R. Howell. I am over the age of eighteen (18) and competent to testify as to the matters stated herein.

2. I am one of the attorneys for Plaintiffs Joseph D. Mateer, Christopher Branchcomb, and Katharine Johnson in the above-captioned lawsuit. I have personal knowledge of the facts set forth in this Declaration, and, if called to testify, I could and would testify competently to the matters stated herein. I make this declaration in support of Plaintiffs' Motion for Preliminary Approval of the Class Action Settlement.

3. Along with Jason R. Bristol, a Partner at Cohen Rosenthal & Kramer LLP in

Cleveland, Ohio, I am lead counsel in the matter of *Joseph Mateer, et al. vs. Peloton Interactive Inc.,* Case No. 1:22-cv-00740. We were the attorneys responsible for the litigation on behalf of the Plaintiffs and the settlement classes.

4. We undertook this representation on a purely contingent basis. Moreover, because my practice has finite resources, my acceptance of this case precluded me from accepting other matters. Neither my firm nor I have received compensation for the services we have rendered in this case to date, from any source.

### Professional Experience

5. I am an attorney licensed and authorized to practice in California and other jurisdictions throughout the United States and appear in this action *pro hac vice*.

6. In 2006 I earned a J.D. *cum laude* from the American University's Washington College of Law. In 2005, I earned a diploma with honors in International and European Legal Studies from the University of Paris-X, France.

7. Following law school I worked for two national firms—Thompson Hine LLP and Blank Rome LLP.

8. I have substantial experience in complex litigation, including class action cases, and matters involving civil rights, labor rights, and consumer rights claims. Although in this case I co-counseled the matter with Jason Bristol, I have previously been found adequate as class counsel in my sole capacity and have been appointed as such.

9. A sample of cases in which I served as class counsel or lead class counsel are listed below:

*Marek v. Atlantic Services Group, Inc.*, No.: 8:13-CV- 01321-AW, United States District Court for the District of Maryland (settled); *Masalcas, et al. v. Guardian Arms Pacific LP*, LASC

BC571867 (class certified, settled); *Munson v. RGT Capital Mgmt. LP, et al.*, LASC No. BC664848 (Super. Ct. Los Angeles 2017) (settled); *Carr v. Cambridge Asset Management & Assocs.,* LASC Case No. BC571866 (Super. Ct. Los Angeles (2015) (settled).

10. I have also negotiated more than a dozen confidential settlements in cases involving wage and hour or FLSA claims similar to those at issue in this matter.

11. Nearly all the attorneys' fees earned by my law firm are earned on a contingency fee basis. In most of my cases, I do not get paid unless I recover for my clients. It is also almost always necessary for me to advance the costs in my representative matters, which often requires risking tens of thousands of dollars in addition to my fees. Absent Court approval of my contingency fee at the conclusion of a case, I could not continue to accept contingency work on behalf of aggrieved workers and consumers. In matters where I do not work on a contingent fee basis, my hourly rate agreed to and paid by clients is $550.00, which is reasonable and appropriate for an attorney in the Los Angeles area with my background and experience.

## Case Background

12. I first became involved in this matter on or about June 12, 2021, when I initiated an investigation that began with individual claims alleged by Plaintiff Mateer. I spent several weeks interviewing Mr. Mateer, gathering documents, and evaluating his claims. In August of 2021, I contacted Defendant and confidential discussions pertaining to Mr. Mateer's claims began. These discussions, which involved limited informal exchanges of information, continued through December of 2021.

13. When it became apparent that my client's interests would be best served by initiating a civil action and that class and/or collective claims would likely be a part of any such

action, I reached out to Jason Bristol because of his background in litigating and settling wage and hour cases, particularly those under the FLSA and its related collective action mechanism.

14. After months of investigation and evaluation of the facts and law, we filed suit in the United States District Court for the Southern District of New York on January 28, 2022, on behalf of Plaintiff Joseph D. Mateer, and all others similarly situated, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. and the New York Labor Law, Articles 6 and 19.

15. We filed a Second Amended Complaint on July 30, 2022, asserting individual and class-wide wage and hour claims under the FLSA, violations of New York Labor Law, violations of Pennsylvania's Wage Payment and Collection Law, and violations of the Pennsylvania Minimum Wage Act.

16. Cohen Rosenthal & Kramer worked hand in hand with my office to litigate this case and bring about the substantial settlement now under consideration. We handled document review, damage calculation, briefing and letter motions, correspondence with opposing counsel, discovery disputes, argument at hearings, strategic leadership, deposition planning and preparation, settlement negotiations, and the like. We are thoroughly familiar with every aspect of the case having participated in every litigation initiative throughout the case.

17. I was familiar with the legal and factual issues relating to this case before Plaintiffs engaged in any settlement discussions in this matter. In fact, by the time the parties agreed to mediation in the fall of 2022, the parties had shared the bulk of the relevant documentary evidence, and by the time negotiations ensued in December of 2022, the parties were on the eve of significant representative discovery and forthcoming briefing of summary judgment and final certification.

All of the relevant documents and evidence were reviewed, and Plaintiffs were preparing to conduct several days of corporate representative depositions.

18. In addition, by the time the negotiations began, I had a very thorough understanding of all the defenses, and the 207(i) defense in particular. I also studied the case law and defenses applying to the New York Initial Hire Notice and Wage Statement claims.

### Settlement Considerations and Recommendations of Counsel

19. As a result of my experience, I am aware of the types of information and documents necessary to conduct settlement negotiations of a class/collective action in an informed manner. In my opinion, based on my previous experience, we had sufficient information and documents to make an informed and reasonable decision about settlement before agreeing to settle the case. In fact, I highly doubt that Plaintiffs would have obtained any significant information, or a better result, through additional discovery and more protracted litigation.

20. In my opinion, based on my substantial experience as outlined above, the Settlement clearly warrants the Court's preliminary approval. Its terms are not only fair, reasonable and adequate, but are a very favorable result for the class. The $2,500,000.00 settlement proposal results in significant monetary relief to the FLSA Collective Members and Participating Rule 23 Class Members.

21. Plaintiffs believe that they have a strong case against Defendant and will prevail if this case goes to trial. However, the risks of proceeding are substantial. Defendants, such as the Defendant here, frequently vigorously resist liability in wage and hour class actions and employ every available tactic in an effort to avoid liability. At every stage of the proceedings, there is a risk that plaintiffs will be unable to overcome the hurdles raised by defendants in such cases.

Moreover, highly capitalized and/or insured corporations have significant resources to devote to litigation and will often appeal, thus significantly delaying relief to injured workers.

22. Thus, there is a very real prospect that unless the Settlement is approved, Plaintiffs will face years of costly and complex litigation that will pose risks and delay any recovery. In view of the dollar amounts at stake for the majority of class members, it is unlikely that class members will ever pursue individual litigation. On the other hand, the Settlement offers immediate and concrete monetary relief for class members.

23. Though I am confident Plaintiffs would have prevailed in this case if litigation continued, Defendant's defenses were substantial and pose risk to Plaintiffs' ability to prevail on both final FLSA certification and class certification and the merits.

24. I declare the foregoing from my own personal knowledge.

25. Further affiant sayeth naught.

I declare under penalty of perjury pursuant to the laws of the United States that the foregoing is true and correct.

DATE: July 5, 2023

_____
J.R. Howell (CA 268086)
Admitted *pro hac vice*
jrhowell@jrhlegalstrategies.com
Law Office of J.R. Howell
1223 Wilshire Boulevard
P.O. Box 543
Santa Monica, CA 90403
Phone: (202) 650-8867