UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPH D. MATEER,<br>CHRISTOPHER BRANCHCOMB,<br>and KATHARINE JOHNSON,<br>*On behalf of themselves and all others similarly situated,*<br><br>Plaintiffs,<br><br>vs.<br><br>PELOTON INTERACTIVE, INC.<br><br>Defendant. | CASE NO. 1:22-cv-00740<br><br>JUDGE LORNA G. SCHOFIELD<br><br>MAGISTRATE JUDGE<br>GABRIEL W. GORENSTEIN |

**SUPPLEMENTAL DECLARATION OF J.R. HOWELL
IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR
FINAL CERTIFICATION OF CLASS ACTION SETTLEMENT**

I, J.R. Howell, pursuant to 28 U.S.C. § 1746, hereby declare, under penalty of perjury, that the following is true and correct to the best of my personal knowledge, information, and belief:

1. I am over the age of eighteen (18) and competent to testify as to the matters stated herein.

2. This declaration is made as a supplement to provide revised numbers relevant to settlement administration set forth in the declaration filed with the Court on December 14, 2023. The relevant changes are summarized as follows:

- Exhibit 4 – revised estimates of individual payments, separated by class type;

- The Declaration of Lindsay Romo on behalf of the Settlement Administrator, which includes revised estimated averages per class located at paragraph 15 of her Supplemental Further Declaration (attached as Exhibit 2); and

1

- Paragraph 33 of this declaration, which sets forth the average class member recovery segregated by class.

3. I am one of the attorneys for Plaintiffs Joseph D. Mateer, Christopher Branchcomb, Katharine Johnson, the FLSA ISR and Showroom Sales Personnel Collectives ("FLSA Collective"), Rule 23 New York State Settlement Class, Rule 23 Pennsylvania State Settlement Class, and Rule 23 New York Initial Hire Notice and Wage Statement Settlement Class (collectively, "class members") in the above-captioned lawsuit. I have personal knowledge of the facts set forth in this Declaration, and, if called to testify, I could and would testify competently to the matters stated herein. I make this declaration in support of Plaintiffs' Motion for Final Approval of the Class Action Settlement.

4. The culmination of the litigation, mediation process, and several months of settlement negotiations that followed resulted in the Settlement Agreement that was approved by this Court on a preliminary basis on August 23, 2023. On December 13, 2023, the parties moved the Court for an order approving the parties' two clarifying amendments to the Settlement Agreement. Attached hereto as **Exhibit 1** is a true and accurate copy of the Settlement Agreement as amended by the parties

5. On August 23, 2023, the Court approved Simpluris, Inc., as the Settlement Administrator, which issued the notices to the class members apprising them of their rights with respect to the Settlement Agreement and their rights to appear at the Final Approval Hearing. A copy of the Settlement Administrator's Declaration regarding the distribution of notice is attached hereto as **Exhibit 2**.

6. A summary of the events leading up to the Settlement Agreement , the notice distribution, and the approximate amounts each class member is expected to receive is set forth

below.

## CASE BACKGROUND

7.  I first became involved in this matter on or about June 12, 2021, when I initiated an investigation that began with individual claims alleged by Plaintiff Mateer against Defendant Peloton Interactive, Inc. ("Peloton" or "Defendant"). I spent several weeks interviewing Mr. Mateer, gathering documents, and evaluating his claims. In August of 2021, I contacted Defendant and confidential discussions pertaining to Mr. Mateer's claims began. These discussions, which involved limited informal exchanges of information, continued through December of 2021.

8.  When it became apparent that my client's interests would be best served by initiating a civil action and that class and/or collective claims would likely be a part of any such action, I reached out to Jason Bristol, Esq. because of his background in litigating and settling wage and hour cases, particularly those under the Fair Labor Standards Act ("FLSA") and its related collective action mechanism.

9.  After months of investigation and evaluation of the facts and law, Plaintiff filed suit in the United States District Court for the Southern District of New York on January 28, 2022, on behalf of Plaintiff Joseph D. Mateer, and all others similarly situated, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. and the New York Labor Law, Articles 6 and 19.

10. On April 19, 2022, Plaintiffs amended the Complaint to add additional parties and claims. (ECF No. 33). Plaintiffs filed a Second Amended Complaint on July 30, 2022, asserting individual and class-wide wage and hour claims under the FLSA, violations of New York Labor Law, violations of Pennsylvania's Wage Payment and Collection Law, and

violations of the Pennsylvania Minimum Wage Act. (ECF No. 72).

11. Peloton lodged early dispositive challenges to some of the Plaintiffs' claims. On May 3, 2022, Peloton challenged Plaintiff Mateer's standing to assert a claim under the New York Wage Theft Prevention Act. (ECF No. 35). Additionally, Peloton sought dismissal of Plaintiff Johnson's state law claims for failure to state a claim upon which relief could be granted and dismissal on the basis that venue was improper in the United States District Court for the Southern District of New York. (ECF No. 35). On July 15, 2022, Peloton filed a Motion to Dismiss, or in the Alternative to Transfer Venue. (ECF No. 63).

12. While those dispositive challenges were occurring, discovery was proceeding pursuant to the Court's Initial Case Management Plan and Scheduling Order. (ECF No. 29). The parties had exchanged initial disclosures, served requests for written discovery, and had begun exchanging documents.

13. Plaintiffs sought early certification of a conditional FLSA Collective on May 13, 2022. (ECF No. 38). Plaintiffs proposed a notice plan and draft notices to the proposed FLSA Collective on June 24, 2022. (ECF No. 54). Peloton stipulated to the conditional certification of the FLSA Collective, reserving all of its rights to object to any final certification. (ECF No. 60). The Court approved the notice plan and the appointment of Simpluris, Inc., as the Notice Administrator for the purposes of distributing notices to the members of the conditionally certified FLSA collective. (ECF No. 61).

14. Following substantial written discovery, the parties began serving notices of deposition upon one another and related witnesses. A series of discovery disputes ensued and on August 9, 2022, the parties were ordered to make affirmative efforts to settle the matter. (ECF No. 83). If those efforts were not productive, the parties were ordered to mediate the dispute and

to report to the Court their progress in establishing a process for mediation. (ECF No. 83).

15. By early fall 2022, the Plaintiffs had begun drafting their motions for class certification of what would eventually become the Rule 23 New York State Settlement Class, the Rule 23 Pennsylvania State Settlement Class, and the Rule 23 New York Initial Hire Notice and Wage Statement Settlement Class. The Plaintiffs similarly began drafting their Motion for Final Certification of the FLSA Collective and their Motion for Summary Judgment.

16. Concurrently, the Parties had continued to discuss a plan for mediation and tentatively agreed to a mediator in late October of 2022. On November 7, 2022, the Parties informed the Court of their intent to privately mediate the dispute on December 8, 2022. (ECF No. 146).

17. To prepare for mediation, the parties engaged in substantial discovery to examine the class sizes and the respective time records and compensation data sufficient to discuss meaningful settlement terms that were based on the class members' actual time and payment records. From September through the date of mediation on December 8, 2022, the parties worked back and forth to request, review, and exchange, hundreds of pages of payroll records and time records for the hundreds of individuals who comprised the FLSA Collective, the Rule 23 New York State Settlement Class, and the Rule 23 Pennsylvania Settlement Class. Prior to the mediation, the Parties submitted detailed mediation statements to the mediator, Susan Eisenberg, Esq., of Cozen O'Connor in Miami, Florida. Ms. Eisenberg is Board Certified in Labor and Employment Law, a Fellow of the College of Labor and Employment Lawyers, is a Founding Member of the Wage and Hour Defense Institute and is one of the authors of the premiere treatise titled *The Fair Labor Standards Act*. She is highly experienced in wage and hour litigation, and a copy of her resume is attached hereto **Exhibit 3**.

18.     Following individual preparatory meetings with the mediator during the week of December 5, 2022, after the submission of thorough mediation statements and individual settlement talks among the parties, a mediation session was held on December 8, 2022, which lasted through the early morning hours of December 9, 2022. The mediation enabled the parties to arrive at a framework for the settlement, but several weeks of additional settlement talks and negotiation were required to arrive at an agreement, as well as several months of intensive work to arrive at a mutually agreeable Settlement Agreement.

19.     The Settlement Agreement was negotiated at arm's length and in good faith by experienced counsel, with the assistance of an experienced mediator, and is the product of hard bargaining on both sides. Plaintiffs spent significant time investigating the claims, analyzing the claims and defenses, and negotiating the terms of this settlement. The procedures for identifying class members, providing notice of the proposed settlement terms, and affording opportunities to object to or opt out of the settlement are fair and sufficient. Through the formal and informal exchange of information with Defendant and Plaintiffs' counsel's prior knowledge of the relevant legal issues, Plaintiffs have gained a thorough understanding of the merits, risks, and value of the case and had more than sufficient information to determine, and to negotiate for, a fair resolution for the class members.

20.     The discovery process as to class member data, their payroll records, and time records continued for several months after the mediation as the parties continued to dispute and eventually agreed upon a method for allocating the settlement sums among the collective and classes and to distribute the class portions fairly to individual class members.

21.     Cohen Rosenthal & Kramer worked hand in hand with my office to litigate this case and bring about the substantial settlement now under consideration. Together, we handled

document review, damage calculations, briefing and letter motions, correspondence with opposing counsel, discovery disputes, argument at hearings, strategic leadership, deposition planning and preparation, settlement negotiations, and the like. We are thoroughly familiar with every aspect of the case having participated in every litigation initiative throughout the case.

22. I was familiar with the legal and factual issues relating to this case before Plaintiffs engaged in any settlement discussions in this matter. In fact, by the time the parties agreed to mediation in the fall of 2022, the parties had shared the bulk of the relevant documentary evidence, and by the time negotiations ensued in December of 2022, the parties were on the eve of significant representative discovery and forthcoming briefing of summary judgment and final certification. All of the relevant documents and evidence were reviewed, and Plaintiffs were preparing to conduct several days of corporate representative depositions.

23. In addition, by the time the negotiations began, I had a very thorough understanding of all the defenses, and the 207(i) defense in particular. I also studied the case law and defenses applying to the New York Initial Hire Notice and Wage Statement claims.

**SETTLEMENT CONSIDERATIONS AND RECOMMENDATIONS OF COUNSEL**

24. As a result of my experience, I am aware of the types of information and documents necessary to conduct settlement negotiations of a class/collective action in an informed manner. In my opinion, based on my previous experience, we had sufficient information and documents to make an informed and reasonable decision about settlement before agreeing to settle the case. In fact, I highly doubt that Plaintiffs would have obtained any significant information, or a better result, through additional discovery and more protracted litigation.

25. In my opinion, based on my substantial experience as outlined above, the Settlement Agreement, as amended by the parties, warrants the Court's final approval. Its terms

are not only fair, reasonable and adequate, but are a very favorable result for the class. The $2,500,000.00 settlement proposal results in significant monetary relief to the class members.

26. Plaintiffs believe that they have a strong case against Defendant and will prevail if this case goes to trial. However, the risks of proceeding are substantial. Defendants, such as the Defendant here, frequently vigorously resist liability in wage and hour class actions and employ every available tactic in an effort to avoid liability. At every stage of the proceedings, there is a risk that plaintiffs will be unable to overcome the hurdles raised by defendants in such cases. Moreover, highly capitalized and/or insured corporations have significant resources to devote to litigation and will often appeal, thus significantly delaying relief to injured workers.

27. Thus, there is a very real prospect that unless the settlement is approved, Plaintiffs will face years of costly and complex litigation that will pose risks and delay any recovery. In view of the dollar amounts at stake for the majority of class members, it is unlikely that class members will ever pursue individual litigation. On the other hand, the settlement offers immediate and concrete monetary relief for class members.

28. Though I am confident Plaintiffs would have prevailed in this case if litigation continued, Defendant's defenses were substantial and pose risk to Plaintiffs' ability to prevail on both final FLSA and class certification and the merits.

### REPORT OF THE SETTLEMENT ADMINISTRATOR ON THE RESPONSE FROM THE CLASS AND REPORT ON CLASS MEMBER DISTRIBUTIONS

29. The response from the class members has been overwhelmingly positive. According to the Settlement Administrator, there were no objections from any of the class members to the terms of the Settlement Agreement. *See* **Exhibit 2**.

30. The 166 members of the FLSA Collective are identified in Exhibit A to the Settlement Agreement. The Settlement Administrator reports that after accounting for

exclusions, the classes consist of the following number of individuals:

    Rule 23 NY Wage Class    23

    Rule 23 PA Wage Class    46

    Rule 23 NY WTPA Class    1,805

31.    The Settlement Administrator reports that there were no requests for exclusion from the FLSA Collective; no requests for exclusion from the Rule 23 Pennsylvania State Settlement Class; 2 (two) requests for exclusion from the Rule 23 New York State Settlement Class; and 14 (fourteen) requests for exclusion from the Rule 23 New York Initial Hire Notice and Wage Statement Settlement Class. *See* **Exhibit 2** at ¶ 11.

32.    The Settlement Administrator reports that the notices were mailed to 2,028 addresses as furnished by Peloton. A chart detailing the number of returned and remailed notices is listed in the Settlement Administrator's Declaration at Paragraph 16. *See* **Exhibit 2** ¶ 16. A total of sixteen (16) notices were returned to Simpluris from among the FLSA Opt-ins, the Rule 23 New York State Settlement Class, and the Pennsylvania State Settlement class. *See* **Exhibit 2** at ¶ 9. Of these, none were returned with a forwarding address. *Id.* A total of one hundred and twenty (120) notices were returned to Simpluris. *Id*. Of these, twenty-two (22) were returned with a forwarding address. If a Class Member's Class Notice was returned by the USPS as undeliverable and without a forwarding address, Simpluris performed an advanced address search (i.e., skip trace) on all of these addresses by using Accurint, a research tool owned by Lexis-Nexis. *Id*. Simpluris used the Class Member's name and previous address to locate a current address. *Id*. Through the advanced address searches, Simpluris was able to locate fifty-three (53) updated addresses for the Rule 23 New York Initial Hire Notice and Wage Statement Settlement Class and eleven (11) updated addresses for the notice to the remaining classes. *Id*.

Simpluris promptly mailed the relevant Notice to those updated addresses. *Id.* According to the Settlement Administrator, there are forty-five (45) notices to the Rule 23 Initial Hire Notice and Wage Statement Settlement Class that remain undeliverable, as of this date, and five (5) such notices to the remaining classes. *Id*.

33. The Settlement Administrator reports that the average class member payments are broken down as follows:

| Class Type | Average Payment |
| --- | --- |
| FLSA Collective | $6,417.63 |
| Rule 23 NY Wage Class | $4,762.04 |
| Rule 23 PA Wage Class | $1,779.77 |
| Rule 23 NY WTPA Class | $110.80 |

*See* **Exhibit 2** at ¶ 15.

34. Spreadsheets detailing approximate individual recoveries is attached hereto as **Exhibit 4**. Individual recoveries are approximates because the members of the FLSA Collective, Rule 23 New York State Settlement Class, and Pennsylvania State Settlement Class will share *pro rata* a portion of the net settlement fund that is not distributed to litigation costs, attorney fees, and to payments to the Rule 23 New York Initial Hire Notice and Wage Statement Settlement Class. These approximates are the best guide we can provide to the Court at this juncture of the class members' individual recoveries.

**NOTICE TO COUNSEL FOR DEFENDANT PELOTON INTERACTIVE, INC.**

35. A copy of the Motion for Final Approval, Memorandum of Law in Support Thereof, and supporting papers, including this declaration, were provided to Counsel for Defendant Peloton Interactive, Inc., prior to filing. Counsel did not indicate an intent to oppose

the instant Motion and relief sought therein.

## CONCLUSION

36. I declare the foregoing from my own personal knowledge.

37. Further affiant sayeth naught.

I declare under penalty of perjury pursuant to the laws of the United States that the foregoing is true and correct.

DATE: January 12, 2024

/s/
J.R. Howell (CA 268086)
Admitted *pro hac vice*
jrhowell@jrhlegalstrategies.com
Law Office of J.R. Howell
1223 Wilshire Boulevard
P.O. Box 543
Santa Monica, CA 90403
Phone: (202) 650-8867