UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPH D. MATEER, CHRISTOPHER BRANCHCOMB, and KATHARINE JOHNSON, *On behalf of themselves and all others similarly situated,*<br><br>Plaintiffs,<br><br>vs.<br><br>PELOTON INTERACTIVE, INC.<br><br>Defendant. | CASE NO. 1:22-cv-00740<br><br>JUDGE LORNA G. SCHOFIELD<br><br>MAGISTRATE JUDGE GABRIEL W. GORENSTEIN |

### ORDER ON PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF THE CLASS AND COLLECTIVE SETTLEMENT AGREEMENT

On January 17, 2024, the above-entitled matter came before the Court on the Unopposed Motion for Final Approval of the Settlement Agreement. After reviewing the motion, the supporting memorandum of law, declarations, and exhibits, the Court hereby finds as follows:

### FINDINGS OF FACT

1.  On August 23, 2023, this Court entered an Order approving on a preliminary basis the Settlement Agreement, which provides for a maximum payment of $2,500,000.00.

2.  As part of the aforementioned Order, the Court approved the distribution of notices to the preliminarily approved FLSA ISR Collective, FLSA Showroom Sales Personnel Collective, Rule 23 New York State Settlement Class, Rule 23 Pennsylvania State Settlement Class, and Rule 23 New York Initial Hire Notice and Wage Statement Settlement Class (collectively, "Class Members"), as well as the creation of a website with information concerning the settlement. The notice explained that Class Members could accept the settlement,

file objections to the settlement, or opt-out of the settlement.  The notices also explained the terms of the settlement, including the nature of the releases and the fees sought as class representative enhancements, the maximum attorney fee award sought by Class Counsel, and disclosure of Class Counsel's intent to recoup fees for litigation expenses and settlement administrator fees.  Class Members were provided information to ask questions via email, toll free number, and a link to the website to find a copy of the Settlement Agreement and other relevant court filings.  Class Members were apprised of the date of the fairness hearing that took place on January 17, 2024.

3. Plaintiffs have filed a declaration from the approved settlement administrator, Simpluris, Inc., describing the work performed by the settlement administrator in sending notice to Class Members, and the results of the claims process set forth in the Settlement Agreement (as amended by the parties).

4. The best notice practicable was provided to the Class Members in accordance with the Settlement Agreement and the Court's preliminary approval Order.  The notice was accurate, objective, informative, and provided Class Members with the information necessary to make an informed decision regarding their participation in the settlement and its fairness, and therefore satisfies the requirements for notice under applicable laws.

5. Class Members who desired to be excluded from this action were provided an opportunity to "opt out" pursuant to the notice.  Class Members who did not request exclusion from the settlement terms are bound by the settlement and the Final Judgment Order and do not have a further opportunity to opt out of this action.

6. Class Members who desired to object to any part of the Settlement Agreement, including its terms, the requests for fees and expenses by Class counsel and the proposed service

awards to the class representatives, were provided an opportunity to do so pursuant to the notice. No objections were filed during the filing period for objections. The size of this settlement, and the notice procedure utilized, the lack of any objections supports the fairness, reasonableness and adequacy of the settlement.

7. Based on the terms of the Settlement Agreement and the related documents filed with the Court, and statements made by counsel during the fairness hearing on January 17, 2024, the Settlement Agreement is a fair, reasonable, and adequate compromise of the claims against the defendant in this action pursuant to Federal Rule of Civil Procedure 23 and 29 U.S.C. § 216(b). Factors relevant to the approval of the Settlement Agreement include: (i) the class and liability issues were contested prior to the settlement, (ii) the settlement provides relief to Class Members now, without further litigation, (iii) the settlement provides the Class Members with substantial monetary benefits, and (iv) the settlement was negotiated by experienced counsel and resulted from arms-length negotiations.

NOW, THEREFORE, ON THE BASIS OF THE FOREGOING FINDINGS OF FACT, THE COURT HEREBY MAKES THE FOLLOWING CONCLUSIONS OF LAW:

8. The Court has jurisdiction over the parties and subject matter of this proceeding.

9. The following collectives and classes are certified for purposes of final settlement pursuant to Rule 23 of the Federal Rules of Civil Procedure and 29 U.S.C. § 216(b):

<u>FLSA ISR Collective</u>.  All FLSA Opt-Ins who filed valid Opt-In forms in the Action to join the FLSA collective conditionally certified by the Court on July 13, 2022 (ECF No. 61), consisting of former and current employees who worked for Peloton as ISRs, who allegedly worked more than forty hours in one or more workweeks of their employment, and who were not paid overtime for all hours worked at the statutorily required rate of one and one-half times their regular rate of pay, at any time between January 27, 2019, and July 12, 2022.

<u>FLSA Showroom Sales Personnel Collective</u>. All FLSA Opt-Ins who filed valid Opt-In forms in the Action after the Court conditionally certified an FLSA collective on July 13, 2022 (ECF No. 61) to opt into the collective of former and current employees who worked for Peloton as Showroom Sales Personnel, who allegedly worked more than forty hours in one or more workweeks of their employment, and who allegedly were not paid overtime for all hours worked at the statutorily required rate of one and one-half times their regular rate of pay, at any time between January 27, 2019, and July 12, 2022.

<u>Rule 23 New York State Settlement Class</u>: All former and current employees who worked for Peloton as Inside Sales Representatives, and who allegedly worked more than forty hours in one or more workweeks of their employment in the state of New York, and who allegedly were not paid overtime for all hours worked at the statutorily required rate of one-and one-half times their regular rate of pay, at any time between January 27, 2016, and July 7, 2023.

<u>Rule 23 Pennsylvania State Settlement Class</u>: all former and current employees who worked for Peloton as non-exempt Showroom Sales Personnel, who allegedly worked more than forty hours in one or more workweeks of their employment in the state of Pennsylvania, and who allegedly were not paid overtime for all hours worked at the statutorily required rate of one-and one-half times their regular rate of pay, at any time between January 27, 2019, and July 7, 2023.

<u>Rule 23 New York Initial Hire Notice and Wage Statement Settlement Class</u>: all current and former employees who worked for Peloton in the state of New York from January 27, 2016 through December 31, 2020, excluding those current and former employees who have released claims against Peloton under the NYLL.

10. For the purpose of this settlement, the requirements of Rule 23 of the Federal Rules of Civil Procedure and 29 U.S.C. § 216(b) are satisfied, and a hybrid class and collective action is an appropriate method for resolving the disputes in this litigation.

11. The Court finds that final approval of the settlement as being fair, reasonable, and adequate under Rule 23 of the Federal Rules of Civil Procedure and the FLSA, is warranted, and that all Class Members who did not opt-out of the settlement are entitled to receive their share of the settlement fund, as provided in the Settlement Agreement. No other claims will be allowed.

NOW, THEREFORE, ON THE BASIS OF THE FOREGOING FINDINGS OF FACT AND CONCLUSIONS OF LAW, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 23(g) AND 54(d):

12. The unopposed motion for final approval of the Settlement Agreement (as amended by the parties) is **GRANTED,** and all of the terms, conditions, and obligations set forth in that Settlement Agreement (except as pertaining to attorneys' fees and costs and lead plaintiff service awards, which will addressed in a separate order or orders) are incorporated herein by reference.

13. The Settlement Administrator will distribute the settlement funds to the eligible Class Members in accordance with the terms of the Settlement Agreement. Class counsel shall file an affidavit of the claims administrator reporting on the completion of the payment of claims, including the amount of settlement checks not presented for payment which are proposed to be paid to the *cy pres* recipient, and shall seek authority to make such final payment.

14. All Class Members who did not timely request exclusion will be bound by the relevant terms, conditions, and obligations of the Settlement Agreement (as amended by the parties), and all of the relevant determinations and judgments in this action.

15. Neither the settlement, its terms, nor the negotiations connected with it, will be construed as an admission or concession by any party of the truth of any claim or allegation in the action or of any liability, fault, or wrongdoing of any kind.

16. Class Counsel shall seek dismissal of this action with prejudice after all settlement funds have been disbursed in accordance with the terms of the Settlement Agreement or Order of the Court.

17. The Court will retain exclusive and continuing jurisdiction over this lawsuit, all parties, and the Class Members, to interpret and enforce the terms, conditions and obligations of the Agreement.

18. The Court finds, pursuant to Fed. R. Civ. P. 54(b), that there is no just reason for delay, and directs the Clerk to enter this Order.

Dated this __29___ day of January, 2024
New York, New York

SO ORDERED:

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**