UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPH D. MATEER, CHRISTOPHER BRANCHCOMB, and KATHARINE JOHNSON, *On behalf of themselves and all others similarly situated,*<br><br>Plaintiffs,<br><br>vs.<br><br>PELOTON INTERACTIVE, INC.<br><br>Defendant. | CASE NO. 1:22-cv-00740<br><br>JUDGE LORNA G. SCHOFIELD<br><br>MAGISTRATE JUDGE GABRIEL W. GORENSTEIN |

### ORDER ON PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND REIMBURSEMENT EXPENSES

WHEREAS, the Court has reviewed and considered the Settlement Agreement, all papers filed and proceedings had herein connection with the Settlement, all oral and written comments received regarding the Settlement, the record in this action, Plaintiffs' Motion for Approval of Attorneys' Fees and Reimbursement of Expenses, the supporting memoranda of law, declarations and exhibits, including the detailed time and expense records of counsel, and the arguments of class counsel.

WHEREAS, an Order dated January 29, 2024, granted Plaintiffs' unopposed motion for final approval of the class and collective settlement agreement.

WHEREAS, pursuant to Federal Rule of Civil Procedure 23(h), Plaintiffs' motion for attorneys' fees in the amount of $833,250 is granted because the amount is fair and reasonable based on the factors set forth in *Goldberger v. Integrated Res., Inc.*, "(1) the time and labor expended by counsel; (2) the magnitude and complexities of the litigation; (3) the risk of the litigation; (4) the quality of representation; (5) the requested fee in relation to the settlement; and

(6) public policy considerations."[1]  209 F.3d 43, 50 (2d Cir. 2000); *Moses v. New York Times Co.*, 79 F.4th 235 (2d Cir. 2023).  "[T]he relief actually delivered to the class can be a significant factor in determining the appropriate fee award."  *Moses*, 79 F.4th at 244 (quoting Fed. R. Civ. P. 23(e)(3) advisory committee's note to 2018 amendment).

WHEREAS, using the approach from *In re Colgate-Palmolive Co. ERISA Litig.*, 36 F. Supp. 3d 344 (S.D.N.Y. 2014), the first step is to establish a baseline or benchmark fee amount on which to apply the *Goldberger* factors.  The benchmark is based on the median amount of fees awarded in similar settlements.  Using evidence of attorneys' fees in (1) Fair Labor Standards Act ("FLSA") cases and (2) cases with similarly sized settlement amounts takes into account the factors of magnitude and complexity of the case and the size of the fee in relation to the settlement.  This empirical data reflects a sliding scale such that the fee percentage decreases as the amount of the settlement increases and therefore avoids a windfall to class counsel.  *Cf. Goldberger*, 209 F.3d at 51-52 (criticizing the use of a fixed percentage fee benchmark for all cases).

WHEREAS, empirical evidence indicates that the median percentage of the settlement amount awarded as attorneys' fees in FLSA class actions is approximately 33%.  Empirical evidence also shows that, for all common fund settlements of a size similar to the one here, the median is 29.3%.[2]  The award here aligns with the median percentage of 33% because $833,250 is approximately 33% of the gross settlement fund amount of $2,500,000.

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, emphases, footnotes and citations are omitted.

[2] Brian T. Fitzpatrick, *An Empirical Study of Class Action Settlements and Their Fee Award*, 7 J. Empirical Legal Stud. 811, 839 (2010) (analyzing nearly 700 common fund settlements from 2006 and 2007 and finding that the median percentage of the settlement fund awarded in cases with similarly sized funds, meaning funds in the same decile, is 29.3); Theodore Eisenberg et al.,

WHEREAS, when using the percentage of the fund method, the lodestar method is often used as a "cross check" on the reasonableness of the percentage awarded. *See Goldberger*, 209 F.3d at 50. The lodestar is calculated by multiplying the reasonable hours billed by a reasonable hourly rate, and that number can be adjusted based on factors such as the risk of the litigation and the performance of the attorneys. *Id*. at 47. To support the calculation of the lodestar, "counsel must submit evidence providing a factual basis for the award in the form of contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done." *Uribe v. Prestige Car Care of NY Inc.*, No. 23 Civ. 1853, 2023 WL 5917550, at *1 (S.D.N.Y. Aug. 9, 2023). The evidence submitted by Plaintiffs' attorneys yields a lodestar of $1,428,766.50. A lodestar multiplier then is calculated by dividing the fee award by the lodestar. *See James v. China Grill Mgmt., Inc.*, No. 18 Civ. 455, 2019 WL 1915298, at *3 (S.D.N.Y. Apr. 30, 2019). Here, the requested fee award of $833,250 represents a lodestar multiplier of approximately 0.58. This multiplier is well within the range of reasonable multipliers, as courts often approve a lodestar in excess of 1, which represents a fee award in excess of the billable amount. *See, e.g.*, *Lawtone-Bowles v. City of New York*, No. 16 Civ. 4240, 2021 WL 1326865, at *4 (S.D.N.Y. Apr. 8, 2021) (approving "a multiplier under one, 0.71," and collecting cases to show that "[c]ourts often approve multipliers higher than this" in FLSA cases).

WHEREAS, factors such as the risk of the litigation, quality of the representation and policy considerations do not warrant any further adjustment upward or downward from the benchmark. The requested fee is warranted given the risks in this case, particularly the

---

*Attorneys' Fees in Class Actions: 2009-2013*, 92 N.Y.U. L. Rev. 937, 952 (2017) (finding the median fee in FLSA cases is approximately 33%).

significant standing question related to Wage Theft Prevention Act claims and the potential applicability of certain FLSA exemptions, among other risks.  The quality of representation is "best measured by results."  *Goldberger*, 209 F.3d at 55.  Class counsel argues that Defendant zealously litigated this matter at every step of the litigation and points to the above-average share of the net settlement fund to class members as compared with historical averages for wage and hour recoveries.  These factors are not "so exceptional as to warrant an increase" to the benchmark.  *In re Colgate-Palmolive Co. ERISA Litig.*, 36 F. Supp. 3d at 352.  Finally, with regard to public policy, class counsel notes that every class member will receive compensation and no amount of the settlement fund reverts back to Defendant.  These considerations, while positive, do not justify adjusting the benchmark up or down.  It is hereby

**ORDERED** that attorneys' fees in the amount of $833,250 are awarded to class counsel, shall be paid from the settlement fund, and shall not be paid until class members have received their cash awards.  It is further

**ORDERED** that class counsel shall be reimbursed for expenses in the amount of $79,156.53, which the Court finds were reasonably expended litigating and resolving the lawsuit.  This amount equals the requested reimbursement of $81,656.53, minus $2,500 in estimated costs necessary to attend the final approval hearing in person, as the hearing was conducted telephonically.  This amount shall be paid from the settlement fund and may be paid immediately.

Service awards to lead plaintiffs will be addressed in a separate order.

Dated: February 9, 2024
    New York, New York

LORNA G. SCHOFIELD
**UNITED STATES DISTRICT JUDGE**