UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPH D. MATEER,<br>CHRISTOPHER BRANCHCOMB,<br>and KATHARINE JOHNSON,<br>*On behalf of themselves and all others similarly situated,*<br><br>    Plaintiffs,<br><br>    vs.<br><br>PELOTON INTERACTIVE, INC.<br><br>    Defendant. | CASE NO. 1:22-cv-00740<br><br>JUDGE LORNA G. SCHOFIELD<br><br>MAGISTRATE JUDGE<br>GABRIEL W. GORENSTEIN |

## ORDER ON PLAINTIFFS' MOTION FOR SERVICE AWARDS

WHEREAS, the Court has reviewed and considered the Settlement Agreement; all papers filed and proceedings had herein in connection with the Settlement; all oral and written comments received regarding the Settlement; the record in the action; Plaintiffs' Motion for Approval of Class Representative Service Awards; the supporting memorandum of law, declarations and exhibits; and the arguments of Class Counsel.

WHEREAS, orders dated January 29 and February 9, 2024, respectively, granted Plaintiffs' unopposed motions for final approval of the class and collective settlement agreement and granted in part and denied in part Plaintiffs' motion for attorneys' fees and reimbursement of expenses.

WHEREAS, Plaintiffs request service awards of $25,000 each to Class Representatives Joseph Mateer and Katharine Johnson, and $10,000 to Class Representative Christopher Branchcomb.

WHEREAS, "district courts [may] approve fair and appropriate incentive awards to class representatives."[1] *Moses v. New York Times Co.*, 79 F.4th 235, 253 (2d Cir. 2023).  Such awards must be reasonable and promote equity between class representatives and absent class members, and may not be excessive compared to the service provided by the class representative or unfair to the absent class members.  *See id.* at 245.

WHEREAS, to determine whether a requested service award is reasonable and promotes equity, courts consider factors such as the class representative's contributions to the litigation; any special circumstances, such as personal or professional risks to the class representative; and the size of the service award relative to individual class members' recovery.  *See, e.g.*, *Chen-Oster v. Goldman Sachs & Co.*, No. 10 Civ. 6950, 2023 WL 7325264, at *6 (S.D.N.Y. Nov. 7, 2023) (considering class representatives' assistance with litigation); *Reynolds v. Marymount Manhattan Coll.*, No. 22 Civ. 06846, 2023 WL 6977635, at *3 (S.D.N.Y. Oct. 23, 2023) (considering potential recovery of class members, class representatives' efforts and any special circumstances); *In re Canon U.S.A. Data Breach Litig.*, No. 20 Civ. 6239, 2023 WL 7936207, at *5 (E.D.N.Y. Nov. 15, 2023) (comparing service awards to recovery of the average class member to evaluate equity).

WHEREAS, the contributions of the class representatives greatly impact the amount, if any, of their service awards.  Mateer spent approximately 240 hours on the litigation; Johnson spent approximately 97 hours and Branchcomb spent approximately 104 hours.  Mateer and Johnson -- but not Branchcomb -- spent time preparing for, traveling to and participating in a 15-hour mediation. Based on the representatives' respective contributions to the litigation, class

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

counsel made the determination that Mateer and Johnson's awards should be equal to each other and two and a half times Branchcomb's award. The Memorandum of Law in Support of the Approval of Service Awards states, "In [class counsel]'s experience, no other clients have been as helpful, responsive, and as involved as Plaintiffs Mateer and Johnson, who were both very active in assisting with fact investigations that were critical in reaching the settlement agreement before the Court." Based on these representations, Mateer and Johnson's final awards include $10,000 each to reflect their contributions to the litigation. Branchcomb's final award includes $4,000, reflecting his relative time spent, the relative significance of his contributions and the proportional recovery proposed by class counsel. Mateer and Johnson's awards also include an additional amount of $1,450; that amount is intended to reflect their out-of-pocket expenses incurred in their participation in the mediation while still abiding by class counsel's determination that they should be granted equivalent awards.

WHEREAS, to varying degrees, each class representative has special circumstances relevant to the calculation of their service awards. All three risked some professional harm by bringing this litigation in their own names against their former employer. *See Chen-Oster*, 2023 WL 7325264, at *6 (considering that class representatives exposed themselves to "critical professional risks"); *cf. Reynolds*, 2023 WL 6977635, at *3 (considering that representatives incurred personal risk by suing their alma mater). Mateer described significant professional and personal harms that are directly related to his involvement and visibility as the first named plaintiff in the caption, essentially lending his name to the case. He stated that he was "inundated" with unwanted media requests, feared that future employers' access to media coverage about the litigation would lead to adverse employment prospects, experienced efforts by his former employer to isolate him from his colleagues, suffered attacks on his and his

husband's character and lost ten days of work.  Mateer's final award includes $10,000 to compensate him for these significant and relevant harms.  Johnson experienced "significant stress and anxiety" because of her role in the litigation, including harm that was clearly and directly related to her participation -- namely, suffering an anxiety attack during the mediation.  She identified approximately $10,000 in derivative medical expenses.  Her final award includes $10,000 to compensate for these harms stemming from her participation.  Finally, Branchcomb stated that his participation exacerbated a pre-existing medical condition, culminating in over $10,000 in out-of-pocket expenses.  Unlike Johnson, Branchcomb provided no explanation or breakdown of these costs; his affidavit is vague and conclusory on both the harms and the connection to his participation as a named plaintiff.  Without more, granting an award that appropriately compensates him for the harm caused by this litigation is challenging.  Based on the information provided, an award reflecting one half his asserted costs, or $5,000, best distinguishes between any unrelated harm and harms properly considered here.

     WHEREAS, the average recovery of class members does not require increasing or decreasing the class representatives' awards.  The average recovery for the FLSA class is approximately $6,400; the average recovery for the Rule 23 New York Wage Class is approximately $4,800; the average recovery for the Pennsylvania Wage Class is approximately $1,800; and the average recovery for the New York Wage Theft Prevention Act Class is approximately $110.  Here, the average class member awards are not informative for determining appropriate service awards because there is significant variation even within the same class; for example, the FLSA class awards range from approximately $12 to over $90,000.  In addition, courts in the Second Circuit have recognized that service awards may be greater than the average recovery of a class member without being excessive or unfair to the other class

4

members if the service award properly reflects the contributions of and harms experienced by the class representatives. *See In re Canon U.S.A. Data Breach Litig.*, 2023 WL 7936207, at *5; *cf. Reynolds*, 2023 WL 6977635, at *3 (service awards permissibly reduced to be comparable to class member recovery because those lower amounts still reflected class representatives' time and effort and special circumstances). Because the average class member recovery has limited utility here, and because the final awards properly reflect the representatives' contributions and special circumstances, the final awards are not increased or decreased based on the average class member recovery. It is hereby

**ORDERED** that the request for service awards is **GRANTED** in part and **DENIED** in part. Service awards are granted as follows: $21,450 to Mateer, $21,450 to Johnson, and $9,000 to Branchcomb. These awards are reasonable and promote equity because they were determined based on the lead Plaintiffs' contributions and special circumstances. Mateer and Johnson's awards reflect $10,000 each for their contributions to the litigation, $10,000 each for special circumstances and $1,450 each as reimbursement for out-of-pocket expenses. Branchcomb's award reflects $4,000 for his contributions and $5,000 for his special circumstances. The Class Representatives' service awards shall be paid from the settlement fund and shall not be paid until class members have received their cash awards.

Dated: March 4, 2024
      New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**